THE STATE OF OHIO, APPELLEE, *v.*
LESLIE, APPELLANT.

(No. 8165—Decided February 10, 1984.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Ms. Sharon L. Ovington,* for appellee.

*Mr. Steven M. Cox,* for appellant.

WEBER, J. On January 3, 1983 defendant-appellant, Dwayne A. Leslie, was tried before a jury in the Montgomery County Common Pleas Court on two counts of rape, R.C. 2907.02 (A)(1), two counts of kidnapping, . R.C. 2905.01

(A)(4), and one count of gross sexual imposition, R.C. 2907.05(A)(1). On January 6, 1983 the jury returned its verdict finding defendant guilty as charged on all counts. Defendant has filed a timely appeal to this court asserting three assignments of error.

Appellant's first assignment of error states:

"I. The trial court erred in refusing appellant's request for an evidentiary hearing as to the admissibility of appellant's prior convictions and overruling appellant's motion *in limine*."

On December 28, 1982 appellant filed a pretrial motion *in limine* which requested the trial court for an order directing the prosecuting attorney to make no reference to appellant's prior criminal record during trial. In addition, appellant requested an evidentiary hearing on this motion.

The record discloses that the trial court did not conduct an evidentiary hearing upon appellant's motion *in limine* and we can find no evidence in the record that the trial court ruled upon appellant's motion. According to appellant's brief, however, the trial judge informed counsel prior to trial that the state would be permitted to question appellant as to his prior criminal record and to inquire of appellant that his prior convictions were for aggravated robbery, rape and kidnapping. Nevertheless, we can find no evidence of such a ruling in the record before us.

During trial, defendant-appellant took the witness stand and the evidence of appellant's prior convictions, which was the subject of appellant's pretrial motion *in limine*, was introduced by appellant during his direct examination. No objection was raised concerning its admissibility. It is appellant's contention that the trial court erred in overruling appellant's motion *in limine* prior to trial and in permitting testimony of appellant's prior criminal record to be admitted into evidence during the trial.

Generally, a motion *in limine* is a pretrial request to the trial court for a precautionary instruction to avoid error or prejudice by limiting the examination of witnesses in specified areas until the admissibility of certain evidence is determined by the court. A trial court may or may not rule upon such a motion prior to trial. If a trial court does rule upon the motion prior to trial, such a liminal order is to be effective only until the admissibility of the evidence is resolved at the appropriate time during trial when the court is required to make its ruling. *State* v. *Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289].

An order granting or denying a motion *in limine* is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated. An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial. *State* v. *White* (1982), 6 Ohio App. 3d 1; see, also, Evid. R. 103(A)(1).

In the present case, appellant himself, during direct examination, introduced evidence of his prior criminal record. No objection was made as to the admittance of this evidence during trial. Therefore, regardless of whether the trial court ruled upon appellant's motion *in limine* prior to trial, appellant waived his objection to the admittance of his prior criminal record when he admitted this evidence upon direct examination.

Accordingly, appellant's first assignment of error is overruled.

Appellant's second assignment of error provides:

"II. The trial court erred in overruling appellant's objection to its refusal to charge the jury that failure to release the victim in a safe place unharmed is an element of the kidnapping offenses and in refusing appellant's request that that element be included in the verdict forms for the jury's determination."

R.C. 2905.01, in effect at the time the alleged offenses occurred, reads in pertinent part:

"(A) No person, by force, threat, or deception, * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

"* * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will;

"* * *

"(C) Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."

It is appellant's contention that pursuant to subsection (C) of R.C. 2905.01, the offense of kidnapping as a first degree felony has as an element "the failure to release the victim in a safe place unharmed." Appellant submits that the trial court erred in omitting this element from the jury instructions and in refusing appellant's request that the element be included in the verdict forms for the jury's determination.

The provision in R.C. 2905.01(C) reducing kidnapping to a felony of the second degree "[i]f the offender releases the victim in a safe place unharmed" is a circumstance the establishment of which mitigates a defendant's criminal culpability. It is not an element of the crime of kidnapping, but it is in the nature of an affirmative defense and is to be treated as such. *State* v. *Cornute* (1979), 64 Ohio App. 2d 199 [18 O.O.3d 412].

In order to find a defendant guilty of kidnapping pursuant to R.C. 2905.01, there is no requirement on the part of the state to allege or establish that the defendant failed to release the victim(s) in a safe place unharmed. If, at trial, the defendant puts forth any evidence tending to establish that the victim was released in a safe place unharmed, the court is required to submit this issue to the jury under proper instructions.

Upon review of the transcript, we can find no evidence which would support a finding in this case that the defendant released the victims in a safe place unharmed. In fact, it is uncontroverted that the defendant and both victims were still together in the victims' car when the defendant was finally stopped by police and arrested.

Therefore, it is our determination that the trial court did not err in refusing to charge the jury that failure to release the victims in a safe place unharmed is an element of the offense of kidnapping. Accordingly, appellant's second assignment of error is without merit.

Appellant's third assignment of error provides:

"III. The trial court erred in limiting appellant's cross-examination of the rape complainant concerning whether she consented to intercourse, even though said cross-examination was not barred by Rev. Code Section 2907.02 (D)."

In his third and final assignment of error, appellant contends that his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to due process were violated. Specifically, appellant alleges the trial court erred in restricting his cross-examination of one of the complaining witnesses.

The record reveals that during defense counsel's cross-examination of the complaining witness, the following question was asked:

"Q. Prior to this incident and at the time of this incident, you were on medication for herpes, were you not?

"A. No, I was not."

At this point, the state objected to this line of questioning and the trial court sustained the objection and advised counsel to refrain from any further questioning on this subject. Appellant contends that this ruling on the part of

the trial court was an unreasonable limitation on appellant's right to cross-examine witnesses against him.

R.C. 2907.02(D), Ohio's rape shield statute, provides in pertinent part:

"Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. * * *."

The purpose behind this statute is to exclude evidence on charges of rape or other sexual activity by the alleged victim or the defendant. Such evidence is not to be admitted unless the trial court determines that the evidence is material to a fact at issue and that its prejudicial nature does not outweigh its probative value. If this is not shown, the trial court must exclude any evidence of a victim's or defendant's other sexual activity.

In the present case, appellant contends that R.C. 2907.02(D) did not prohibit the introduction of evidence that the complaining witness was on medication for herpes at the time the alleged rape occurred. Appellant submits that such evidence is relevant to the issue of whether or not the complaining witness consented to have intercourse with the defendant and does not refer to the witness' "sexual activity" pursuant to R.C. 2907.02(D). The trial court disagreed and determined that such evidence was immaterial to the issue of consent and should be excluded. Upon review of the transcript, we agree with the trial court's determination.

A defendant has no Sixth Amendment right to confront a witness with irrelevant evidence. *Logan* v. *Marshall*

(N.D. Ohio 1981), 540 F. Supp. 3. It is within the sound discretion of a trial court to determine the relevancy of evidence and to apply R.C. 2907.02(D) to best meet the purpose behind the statute. In the present case, we can find no abuse of discretion on the part of the trial court in excluding evidence of the complaining witness' treatment for herpes. We further conclude that appellant was not unconstitutionally denied an opportunity to present a defense or confront witnesses.

Accordingly, appellant's third assignment of error is denied.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.