The STATE of Ohio, Appellee,

v.

GUTHRIE, Appellant.

[Cite as *State v. Guthrie* (1993), 86 Ohio App.3d 465.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–06–062.

Decided Feb. 22, 1993.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*R. Daniel Hannon,* Clermont County Public Defender, and *W. Stephen Haynes,* Assistant Public Defender, for appellant.

WILLIAM W. YOUNG, Judge.

On November 14, 1991, the Clermont County Grand Jury indicted defendant-appellant, Daniel Guthrie, on three charges of rape in violation of R.C. 2907.-02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.-05(A)(4), and three counts of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b). One of the rape counts was dismissed prior to trial.

The indictments stemmed from the allegations of three girls, ages eight, seven, and six, who claimed that appellant placed his hands in their pants, touched their vaginal areas, and forced them to perform oral sex. Appellant made an oral statement to a Clermont County Sheriff's Department investigator admitting to several of the children's claims.

Prior to trial, an *in camera* investigation was conducted wherein Pat Hopkins, a Brown County Children's Services Board worker, testified that she had taken part in an investigation by Brown County and Clermont County authorities regarding prior allegations that the three children had made. The children claimed that they had previously been sexually abused in 1990 by an individual other than appellant. At a pretrial hearing, counsel for appellant argued that evidence of the prior sexual abuse should have been allowed into evidence for the purpose of showing an alternative explanation for the children's sexual knowledge. The trial court denied the request to introduce this evidence on the ground

that it would violate Ohio's rape shield statute. Appellant renewed the motion to introduce this evidence twice during the course of trial, but it was denied by the trial court.

On May 21, 1992, a Clermont County Common Pleas Court jury found appellant guilty as charged. From that decision, appellant has timely filed this appeal asserting the following two assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the defendant-appellant in violation of his right to confront witnesses against him by applying Ohio's rape shield statute to exclude evidence that the complaining witnesses had been the victims of a previous sexual assault."

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant-appellant by overruling his motion for discovery of Clermont County Children's Services records."

In his first assignment of error, appellant contends that the trial court erroneously excluded evidence of allegations made by the three juvenile witnesses in which they claimed that they had previously been sexually abused by someone other than appellant. The social service caseworker investigating the claims testified that the allegations were substantiated by medical examination. Nevertheless, no criminal charges were brought by authorities involved in the investigation. The trial court refused to allow the evidence on the basis of R.C. 2907.02(D), Ohio's rape shield law. According to appellant, the trial court's decision to deny the introduction of the victims' prior allegations of sexual abuse denied him his right to confront witnesses against him under the United States and Ohio Constitutions.

The purpose of the rape shield law is to prohibit the introduction of any extrinsic evidence pertaining to past sexual activity by the alleged victim or the defendant. The evidence is not to be admitted unless the trial court determines it is material to a fact at issue and that its prejudicial nature does not outweigh its probative value. *State v. Leslie* (1984), 14 Ohio App.3d 343, 14 OBR 410, 471 N.E.2d 503. Exceptions to this prohibition include evidence of the origin of semen, pregnancy, or disease, or of the victim's past sexual activity with the offender. However, where the contested evidence is submitted merely to impeach the victim's credibility, such evidence is prohibited by the rape shield law. *State v. Ferguson* (1983), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265. It is within the sound discretion of the trial court to determine the relevancy of evidence in a rape prosecution and to apply Ohio's rape shield law in a manner which best meets the purpose behind the statute. *Leslie, supra,* 14 Ohio App.3d at 346, 14 OBR at 413, 471 N.E.2d at 507.

■ Appellant submits that he did not offer the evidence of the allegations of sexual abuse by the three victims for the purpose of determining whether or not the allegations were false. Instead, appellant contends that the evidence was offered for the sole and limited purpose of showing that the alleged victims' ability to describe sexual activity may have resulted from an experience other than the offense allegedly committed by appellant. In essence, the evidence was offered for the purpose of establishing an alternative explanation for the children's sexual knowledge.

As previously mentioned, it is within the trial court's sound discretion to determine the relevancy of evidence. The trial court's decision to refuse to admit evidence of the children's prior allegations of sexual abuse does not conflict with relevant Ohio law nor is it an abuse of the trial court's discretion.

This court has previously held that the rape shield law, when considered in conjunction with Evid.R. 608, "does not provide for impeachment of reputation for truth-telling by evidence of a victim's past sexual conduct which tends to show that she may have the ability to fabricate a new but fictitious story." *State v. Tomlinson* (1986), 33 Ohio App.3d 278, 280, 515 N.E.2d 963, 966. Moreover, in *State v. Miller* (1989), 63 Ohio App.3d 479, 579 N.E.2d 276, a case factually similar to the instant action, we held that evidence offered for the limited purpose of establishing an alternate source of knowledge of sexual function or for possibly establishing an ulterior motive for bringing the charges of sexual abuse was not material to a fact at issue.

We are satisfied, as we were in *Miller*, that the excluded evidence was not material to a fact at issue in the instant action, and we do not believe that the trial court abused its discretion by refusing to admit evidence of the children's prior allegations of sexual abuse. Accordingly, appellant's first assignment of error is overruled.

■ Notwithstanding appellant's argument under his second assignment of error that the trial court erred in denying his motion to compel discovery of children's services' file records, appellant did not proffer any need for the files and did not demonstrate that any prejudice accrued as a result of the trial court's ruling. Thus, assuming *arguendo* that it was error, it was harmless error beyond a reasonable doubt under the record presented herein and in light of appellant's voluntary confession to the police. See *State v. Bundy* (1985), 20 Ohio St.3d 51, 20 OBR 351, 485 N.E.2d 1039; *In re Strickland Children* (June 22, 1987), Warren App. No. CA86–07–043, unreported, 1987 WL 13057. Appellant's second assignment of error is therefore overruled.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.