The STATE of Ohio, Appellee,

v.

BANKS, Appellant.

[Cite as *State v. Banks* (1997), 117 Ohio App.3d 592.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 90 C.A. 30.

Decided Jan. 22, 1997.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Michele G. Cerni*, Assistant Prosecuting Attorney, for appellee.

*J. Gerald Ingram*, for appellant.

Cox, Judge.

This matter presents a timely appeal from a jury verdict and judgment rendered upon the verdict by the Mahoning County Common Pleas Court, finding defendant-appellant, Reynold Banks, guilty of one count of rape in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(3), along with his subsequent sentencing thereon.

On April 3, 1989, appellant was indicted by the Mahoning County Grand Jury as follows: Count One—rape, involving vaginal intercourse with a minor less than thirteen years of age, from a time period of April 5, 1987 through July 31, 1987; Count Two—rape, involving anal intercourse with a minor less than thirteen years of age, from a time period of April 5, 1987 through July 31, 1987; Count Three—rape, involving vaginal intercourse with a minor less than thirteen years of age, from a time period of December 1, 1987 through December 29, 1987; Count Four—rape, involving anal intercourse with a minor less than thirteen years of age, from a time period of December 1, 1987 through December 29, 1987; Count Five—gross sexual imposition with a minor less than thirteen years of age, from a time period of December 1, 1987 through December 29, 1987; Count Six— gross sexual imposition with a minor less than thirteen years of age, from a time period of October 16, 1988 through January 31, 1989; and Count Seven— disseminating matter harmful to juveniles in violation of R.C. 2907.31(A), from a time period of April 5, 1987 through July 31, 1987.

Appellant pled not guilty to all of the charges against him. Following discovery and the resolution of pretrial motions, this matter proceeded to jury trial on January 22, 1990. Immediately prior to the jury trial herein, on January 11, 1990, plaintiff-appellee, state of Ohio, filed a motion *in limine* with the trial court. The motion requested that any evidence relative to a prior rape charge against appellant involving the same victim be excluded from introduction at the trial. That charge had been dismissed by appellee upon discovering that on the dates the victim alleged sexual conduct occurred, appellant was in jail on another matter.

Appellant filed a motion in opposition to appellee's motion *in limine*, essentially asserting that the victim's prior accusations against him were relevant to the issue of the perpetrator's identity with regards to the current charges. The trial court ultimately granted appellee's motion *in limine* and determined that defense counsel could inquire only as to "prior physical symptoms that were exhibited by this victim during that period where the other charges had been filed as a result of that period, and the questioning the Court will permit is going to be so narrow." The trial court further limited defense counsel's cross-examination of the victim by restricting the use, for impeachment purposes, of a prior statement made by the victim to investigators from the Mahoning County Children's Services Board.

During the jury trial, appellee structured its case in such a manner that the victim's testimony was elicited in relation to the three distinct time periods set forth in the indictment as referred to above. After due deliberation, the jury returned the following verdict against appellant: not guilty as to count one of the indictment; not guilty as to count two of the indictment; guilty as to count three (rape) of the indictment; not guilty as to count four of the indictment; not guilty as to count five of the indictment; and guilty as to count six (gross sexual imposition) of the indictment. Count seven of the indictment was dismissed by the trial court as a result of a directed verdict of acquittal.

The trial court thereafter entered judgment upon the jury's verdict. Appellant was sentenced to an indefinite incarceration term of fifteen years to life for the rape conviction and a definite incarceration term of two years for the gross sexual imposition conviction, to be served consecutive to the sentence rendered on the rape conviction.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"The defendant/appellant's conviction of life offense rape as set forth in count three of the indictment is against the manifest weight of the evidence in that the record contains absolutely no evidence relating to the essential element of force or threat of force."

In considering whether the trial court's judgment is against the manifest weight of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

Appellant states that the record in this matter simply does not support the jury's finding that he "purposely compelled" the victim by "force or threat of force" as set forth in count three of the indictment. In fact, appellant contends

that the record fails to contain any evidence whatsoever that he purposely compelled the victim to engage in sexual conduct between December 1, 1987 through December 29, 1987 by force or threat of force as alleged in count three of the indictment.

Appellant claims that nowhere throughout the direct examination of the victim as to counts three, four and five, all of which supposedly occurred between December 1, 1987 through December 29, 1987, did she testify that she was forced to submit, or threatened with force to submit, to sexual contact with appellant. Appellant cites *State v. Schaim* (1992), 65 Ohio St.3d 51, 600 N.E.2d 661, for the proposition that force or the threat of force requires either the use of physical force or the creation of a belief that physical force will be used if the victim does not submit. Appellant maintains that appellee elicited absolutely no evidence with regard to count three that would indicate that the victim believed that appellant might use physical force against her. Therefore, appellant concludes that not only is the jury verdict with regard to count three (rape) against the manifest weight of the evidence, but that the verdict is simply not supported by the evidence at all.

■ Early in her direct examination, the victim stated that she could not tell anyone of the sexual conduct complained of herein because appellant had told her that he would hurt her, her mother, and her sister. Appellee submits that the victim was justified in believing that appellant would use physical force against her and/or her family, as she had seen appellant punch and hit her mother on various occasions, and she stated that she was thereby afraid of appellant. The fear the victim had that appellant would use force against her and/or her family did not pertain to merely one time period, but, rather, to the entire time period covered by the indictment and was based upon the victim's past experiences with appellant's demeanor.

Sufficient evidence was presented at trial which could and did convince the minds of the jury that appellant was guilty beyond a reasonable doubt, and the victim's testimony further provided sufficient evidence to prove the element of force. The jury verdict and judgment rendered upon the verdict were not against the manifest weight of the evidence presented in this matter.

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The trial court impermissibly limited and restricted the cross-examination of the victim herein thereby depriving the defendant/appellant of his Sixth Amendment right to confront the witnesses against him."

The Sixth Amendment to both the United States Constitution and the Ohio Constitution guarantees to citizens the right to confront witnesses giving testimo-

ny against them. The United States Supreme Court has held that "the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him." *Smith v. Illinois* (1968), 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956, 958. Evid.R. 611(B) permits cross-examination of all relevant matters and all matters affecting credibility.

Appellant states that the trial court herein prohibited defense counsel from cross-examining the victim as to whether she had previously falsely accused him of rape and as to whether she had previously made an inconsistent statement regarding sexual penetration concerning the time period set forth in count three of the indictment. Appellant complains .that as a result of the trial court's restrictions, he was denied his Sixth Amendment rights, as his defense counsel was prohibited from effectively cross-examining the victim.

Appellant further complains that in ruling on appellee's motion *in limine* prior to the jury trial, the trial court failed to conduct a hearing as required by R.C. 2907.02. Appellant contends that any inquiry as to past allegations of sexual activity by the victim against him was not to be made solely to impeach the victim's credibility and was instead related to a material fact at issue in this case.

Appellant points out that the victim testified that the first person she told of the sexual contact between herself and appellant was Sister Lucille McCrae on or about December 1988 and this simply was not the truth, as the victim had previously accused appellant of rape. Appellant contends that the trial court prohibited him from presenting evidence which was relevant to his identity as the perpetrator of the offenses set forth in the indictment. In support of his position, appellant cites *State v. Williams* (1984), 16 Ohio App.3d 484, 490, 16 OBR 567, 574, 477 N.E.2d 221, 228, wherein the court held:

"The refusal to allow appellant to present evidence which is so highly probative, relevant and material as to an element of the crime violated his Sixth Amendment rights to confront the witnesses against him."

Appellant believes that upon being presented with the issue of a prior, false rape accusation, the trial court should have conducted an in-camera hearing to ascertain whether sexual activity was involved, whether cross-examination as to that sexual activity would have been prohibited by R.C. 2907.02(D) (the rape shield statute), and/or whether the accusation was totally unfounded. See *State v. Boggs* (1992), 63 Ohio St.3d 418, 588 N.E.2d 813. Appellant alleges that even if the prior, false rape accusation herein involved sexual activity, it would not have been barred by R.C. 2907.02(D) because any such prior sexual activity would have been between the victim and appellant.

Finally, appellant maintains that the trial court erred in prohibiting defense counsel from impeaching the alleged victim with her prior inconsistent statement,

as such statement directly related to the time period set forth in count three of the indictment. Appellant complains that such inconsistency should have been brought to the jury's attention, and the trial court's refusal to permit cross-examination along these lines offended any notion of fundamental fairness and violated his Sixth Amendment rights.

Even though appellant had the right to cross-examine witnesses, the limitation placed upon the scope of cross-examination by the trial court was proper, given the rape shield statute, the arguments set forth in appellee's motion *in limine* and the totality of the circumstances herein. Any evidence related to the former indictment against appellant for rape of the victim was not material to the offenses alleged in the pending indictment and would have served only to confuse the issues which were pending before the trial court and to mislead the jury.

Contrary to appellant's contentions, the trial court did not prohibit defense counsel from cross-examining the alleged victim; it permitted full cross-examination on material issues *relevant* to the offenses at bar. A thorough review of the transcript reveals that the only viable reason appellant would want to introduce testimony concerning the prior indictment would be to impeach the victim's credibility, and, in light of the rape shield statute, such purpose is specifically prohibited by law. See *State v. Ferguson* (1983), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265.

In *State v. Guthrie* (1993), 86 Ohio App.3d 465, 467, 621 N.E.2d 551, 553, the court held:

"The purpose of the rape shield law is to prohibit the introduction of any extrinsic evidence pertaining to past sexual activity by the alleged victim or the defendant. The evidence is not to be admitted unless the trial court determines it is material to a fact at issue and that its prejudicial nature does not outweigh its probative value."

It is within the discretion of the trial court to determine the relevancy of evidence in rape prosecutions and to apply the rape shield law in the manner which best meets the purpose behind the statute. *State v. Leslie* (1984), 14 Ohio App.3d 343, 14 OBR 410, 471 N.E.2d 503. Abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. Given the foregoing, we find that the trial court did not abuse its discretion in limiting appellant's cross-examination of the victim herein.

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.