Plaintiffs-appellants Kenneth and Pamela Cunningham ("appellants") appeal from the entry of a Judgment Notwithstanding the Verdict in favor of defendants-appellees John Hildebrand, Hildebrand, Williams Farrell, and Norman A. Fox, Jr. Appellants filed a complaint against the defendants for legal malpractice, emotional distress, and loss of consortium. Trial was scheduled to begin and did commence on November 24, 1997. The defendants filed a motion in limine regarding various evidentiary matters on November 21, 1997. Two of the issues raised in the motion in limine related to the causes of action for loss of consortium and emotional distress. The defendants argued that these claims were not sustainable in a legal malpractice action. The trial court granted the motion on November 21, 1997. The claims were treated as being dismissed by the trial court and the parties.
Appellants assign twelve assignments of error on appeal. The fifth assignment of error raises the effective dismissal of the emotional distress and loss of consortium causes of action as error. A motion in limine is a pretrial request to the trial court for a preliminary ruling on specified evidence. State v. Leslie
(1984), 14 Ohio App.3d 343. In State v. French (1995), 72 Ohio St.3d 446, the court described a motion in limine as a pretrial motion seeking to prohibit opposing counsel from referring to or offering evidence on matters which are arguably highly prejudicial to the moving party. A motion in limine's purpose is twofold:
 It may be used as a preliminary means of raising objections to evidentiary issues to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined outside the presence of the jury. It may also be used as the functional equivalent of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation.
Id. at 450 (emphasis in original). A motion in limine is not the proper vehicle to be used to seek the dismissal of an opposing party's claim. As pointed out in State v. Grubb (1986), 28 Ohio St.3d 199, the power to grant a motion in limine is not conferred by rule or statute but lies within a court's inherent power to control the proceedings before it. The defendants used a motion in limine to bring about the de facto dismissal of two of the causes of action brought against them by appellants and not to address any evidentiary matters. The Civil Rules provide avenues for the defendants to pursue to seek the dismissal of or judgment on causes of action brought by the plaintiffs. The trial court's grant of the defendants' motion in limine on these issues was a nullity and did not result in the dismissal of appellants' claims for loss of consortium and emotional distress. Those claims were not resolved below and remain pending. The judgment is not final and appealable. See Civ.R. 54 (B). This court is without jurisdiction to consider the appeal.
Appeal dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 TERRENCE O'DONNELL, P.J. and JAMES D. SWEENEY, J. CONCUR. ________________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1).