OPINION
{¶ 1} Defendant-appellant, Willie B. Draughon, Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a jury verdict, of operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19, a felony of the fourth degree.
 {¶ 2} By indictment filed April 4, 1999, defendant was charged with operating a motor vehicle while under the influence of alcohol and/or drugs, and in addition was charged with having been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B), or the comparable Columbus City Ordinance 2133.01, within the previous six years.
 {¶ 3} On July 22, 1999, defendant's original counsel filed a motion to suppress/in limine, contending the officer arresting defendant lacked probable cause to arrest defendant, any statements defendant made were involuntary, and the lack of compliance with applicable rules rendered the field sobriety test inadmissible. On August 5, counsel for defendant filed a motion seeking to withdraw from representing defendant; counsel's motion was granted on August 17, 1999. When defendant failed to appear for his trial scheduled on August 23, 1999, a capias was issued. Defendant again was arrested and was in jail as of February 9, 2002.
 {¶ 4} On April 4, 2002, his new counsel filed a motion to suppress evidence, contending the arresting officer lacked reasonable suspicion or probable cause to arrest defendant because, under the Supreme Court's opinion in State v. Homan (2000), 89 Ohio St.3d 421, the officer could not rely on the field sobriety test he conducted on defendant. On May 1, 2002, defense counsel filed two motions in limine, the first seeking to preclude evidence regarding defendant's prior traffic offenses, and the second seeking to preclude evidence regarding the results of the field sobriety tests administered to defendant.
 {¶ 5} On May 9, 2002, the trial court conducted a motion hearing, and at that time overruled one motion in limine in part, noting the parties' agreement on the limited use of defendant's prior traffic offenses; the court sustained the motion in part by concluding the court would allow no evidence regarding defendant's driving without a valid license. Regarding the remaining motion in limine, the trial court advised it would allow defendant to voir dire the witness to determine whether field sobriety tests were properly administered.
 {¶ 6} Following an evidentiary hearing on the motion to suppress, the trial court overruled the motion to suppress. The court, however, asked the parties to look at the field sobriety tests in the context of the Manual for Standardized Field Sobriety Testing ("manual"). On the morning of trial, the trial court acknowledged it had received a copy of the manual, had reviewed the manual, and had determined the officer's actions in conducting field sobriety tests complied with the manual. Accordingly, the trial court overruled defendant's motion in limine seeking to preclude evidence of defendant's field sobriety tests.
 {¶ 7} The case proceeded to jury trial. According to the state's evidence, on February 19, 1999, Officer Michael Kyde, a police officer with the Columbus Division of Police, was running a radar patrol on Innis Road, where the speed limit is 35 m.p.h. Defendant's car passed him and continued to pick up speed; Kyde clocked defendant at 50 m.p.h. At that time, Kyde pulled out onto the road and followed the vehicle. According to Kyde, shortly after he caught up to defendant's vehicle, "Innis * * * becomes two lanes each direction. At which time I noticed that the vehicle went from what would be the outside lane towards the inside lane and straddled the dotted white line for approximately 50 to 75 feet." (Tr. 41.) Kyde turned on his overhead lights. About 100 or 150 yards later, defendant pulled his vehicle into a parking lot and brought it to a stop.
 {¶ 8} When Kyde approached the vehicle, he noticed the smell of marijuana coming from the car and saw two empty bottles of beer on the passenger seat. Defendant had red glassy eyes, and when Kyde asked defendant how much he had to drink, defendant responded that he had two to three beers.
 {¶ 9} Kyde decided to administer field sobriety tests; defendant was somewhat uncooperative, though not combative. Kyde administered the horizontal gaze nystagmus test to defendant's left eye; defendant refused to allow Kyde to administer the test to his right eye. Defendant failed the test. Kyde then administered the one-leg stand and the walk and turn tests, and defendant failed both. Kyde arrested defendant and took him to the police station, where defendant refused both to sign the breathalyzer form and to spit out the gum he had in his mouth; he also refused the breath test. When defendant became violent and kicked a trash can across the room, Kyde maced him.
 {¶ 10} Contrary to the state's evidence, defendant testified the officer approached defendant's vehicle and told him he was driving 56 m.p.h. Defendant not only denied he was driving at that speed, but he testified he did not straddle the driving lanes. Defendant also denied he refused to take the breathalyzer test, but to the contrary requested it in order to prove his innocence. He further denied he told the officer he was drinking, denied the car smelled of marijuana, and denied the car had any empty beer bottles. Moreover, according to defendant, he was sprayed with mace, not at the police station but in Kyde's cruiser as a result of a question defendant posed to Kyde. According to defendant, defendant did not fail the field sobriety tests and did not kick a trash can.
 {¶ 11} The jury returned a guilty verdict, and the trial court imposed a maximum sentence of one year, a 10-year driver's right suspension, and minimum mandatory fine of $750. Defendant appeals, assigning two errors:
 {¶ 12} "Appellant's first assignment of error:
 {¶ 13} "Trial court erred as a matter of law or abused its discretion in overruling defendant-appellant's motion in limine regarding the field sobriety tests.
 {¶ 14} "Appellant's second assignment of error:
 {¶ 15} "Trial court erred as a matter of law or abused its discretion in sentencing defendant-appellant to a one year term of imprisonment and a maximum license suspension without privileges."
 {¶ 16} Defendant's first assignment of error asserts the trial court erred in overruling his motion in limine seeking to preclude evidence regarding the field sobriety tests Kyde administered to defendant. As support, defendant relies on Homan, supra, in which the Supreme Court decided that "[w]hen field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable." Id. at 424. The Supreme Court concluded the logical extension is that field sobriety test results are admissible in evidence only if the administering officer strictly complies with the standardized testing procedures. Id. at 429.
 {¶ 17} "[A] decision on a motion in limine is a pretrial, preliminary, anticipatory ruling on the admissibility of evidence. A ruling on a motion in limine is interlocutory, usually dealing with the potential admissibility of evidence at trial. It therefore cannot serve as the basis for an assignment of error on appeal." Krotine v. Neer, Franklin App. No. 02AP-121, 2002-Ohio-7019, at ¶ 10, citing State v. Grubb (1986), 28 Ohio St.3d 199, 201-202. It reflects the court's "anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty ` * * * to consider the admissibility of the disputed evidence in its actual context.' " Grubb at 202, quoting State v. White (1982), 6 Ohio App.3d 1, 4.
 {¶ 18} As a result, a motion in limine does not preserve for purposes of appeal any error in the disposition of the motion in limine. "An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial." (Citations omitted.) Grubb at 203, quoting State v. Leslie (1984), 14 Ohio App.3d 343, 344. The failure to object at trial to the allegedly inadmissible evidence constitutes a waiver of the challenge. State v. Wilson (1982), 8 Ohio App.3d 216.
 {¶ 19} Here, when the prosecution asked Kyde to explain, in the abstract, the horizontal gaze nystagmus test, defendant objected; the trial court overruled the objection. Neither the question defendant objected to, nor Kyde's answer, addressed the issue in defendant's motion in limine: the administration of the test and Kyde's compliance with the manual. Without objection, Kyde then responded to the state's questions by explaining his administration of, and defendant's performance on, the one-leg stand test. When Kyde began to testify about the walk and turn test, defendant objected generally, not stating the basis for the objection. The trial court overruled the objection, and Kyde testified to his administration of, and defendant's performance on, the walk and turn test.
 {¶ 20} Of the three field sobriety tests Kyde testified to, defendant failed to object to the administration of and results from both the horizontal gaze nystagmus and the one-leg stand tests. Having failed to object, defendant failed to preserve the issue for appeal. Indeed, at the beginning of the hearing on defendant's two motions in limine, the trial court advised "[a]t this point in time since this motion in limine is only an advisory opinion, I will make a tentative finding * * *. But obviously, if the defendant takes the witness stand or other matters come up during the course of the trial, that decision will be moot." (Motion hearing, 3.) Even if defendant's objection at the time of Kyde's testimony regarding the walk and turn test be sufficient to preserve the issue on appeal, any error cannot be prejudicial in light of the evidence the jury heard concerning defendant's performance on the other field sobriety tests.
 {¶ 21} While defendant does not so argue, the "Ohio Supreme Court has recognized that a pretrial motion in limine is the functional equivalent of a suppression motion `where it "renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." ' " State v. Hoskins (Oct. 19, 2001), Darke App. No. 1544, citing City of Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4, citing State v. Davidson (1985), 17 Ohio St.3d 132. As a result, in Kretz, a pretrial motion to suppress was deemed the appropriate procedure for challenging breathalyzer tests; a no contest plea did not waive defendant's appeal from the adverse ruling on the motion. Kretz at 5. The Supreme Court, however, in Hilliard v. Elfrink (1996), 77 Ohio St.3d 155, 158 stressed that Kretz should not be taken as a retreat from the established "principle that suppression of evidence is a remedy normally reserved for alleged violations of constitutional rights."
 {¶ 22} Here, even if the trial court had granted defendant's motion in limine, the precluded evidence would not have rendered the state's proof on the pending charge so weak in its entirety that any reasonable possibility of effective prosecution was destroyed. Defendant's motion, as he properly characterized it, is a motion in limine requesting an evidentiary ruling, and not a motion to suppress. Because defendant failed to object to the admission of the evidence at trial, he failed to preserve any error for purposes of appeal.
 {¶ 23} Although defendant does not assign as error the trial court's decision overruling his motion to suppress, defendant nonetheless appears to contend Kyde lacked probable cause to arrest defendant because the field sobriety tests were not conducted in strict compliance with the manual. His argument is unpersuasive. Relating facts similar to those in Homan, Kyde testified to defendant's speeding, his failure to maintain travel in the prescribed lanes, his red glassy eyes, the odor of marijuana coming from his vehicle, his admission of having drunk two to three beers, his combative nature, and the two empty beer bottles on the passenger seat of defendant's car. With those facts, even without results of the field sobriety tests, Kyde had probable cause to place defendant under arrest. See State v. Markin, 149 Ohio App.3d 274, 2002-Ohio-4326, at ¶ 24 ("In Homan, a trooper testified that (1) the defendant drove in an erratic manner, weaving and twice driving left of center, (2) the defendant had a `strong' odor of alcohol, (3) the defendant's eyes were `red and glassy,' and (4) the defendant admitted consuming three beers. * * * In its review, the Supreme Court concluded that the totality of these facts and circumstances `amply' supported the trooper's decision to arrest the defendant for driving under the influence"). Defendant's first assignment of error is overruled.
 {¶ 24} Defendant's second assignment of error contends the trial court improperly sentenced defendant to a one-year term of incarceration and a maximum driver's license suspension of 10 years. At the time of defendant's arrest in February 1999, R.C. 2929.16(A)(3) stated that for a fourth degree felony OMVI offense, "a term of up to one year in jail less the mandatory term of local incarceration of 60 or 120 consecutive days of imprisonment" may be imposed.
 {¶ 25} "The penalties for fourth degree felony OMVI offenses are different from other fourth degree felonies. The applicable statutes provide that a first time fourth degree felony OMVI offender can be sentenced to no more than a maximum of one (1) year of local incarceration, which includes a sixty (60) day period of mandatory incarceration. * * * Incarceration in a state penal institution is not an option. R.C. 2929.13(G)(1)." State v. Pierce (Mar. 5, 2001), Jackson App. No. 00CA014. (Citations omitted, emphasis sic.)
 {¶ 26} Defendant nonetheless contends the trial court should have sentenced in accordance with R.C. 2929.13(G). Subsection (G)(1) provides that a defendant may be sentenced to a term of local incarceration, while (G)(2) provides that if the offender previously has been sentenced to a mandatory term of local incarceration under (G)(1), the court may impose a mandatory prison term. Here, the trial court sentenced in accord with (G)(1), imposing the entirety of defendant's one-year term as local incarceration. Moreover, under R.C. 4507.16(B)(4), the trial court had the authority to suspend defendant's driver's license for a "period of time set by the court but not less than three years * * *." The trial court chose to impose a driver's license suspension of 10 years.
 {¶ 27} Even though the sentences are in accordance with the pertinent statutes, defendant nonetheless contends the sentences are improper because they lack a basis in the record. The trial court, however, explained the rationale for its sentence: "I'm not sure if justification for local jail time is necessary on maximum sentences. * * * Based upon this defendant's record, continuously driving while under the influence, there is a skip in this and his false testimony in the courtroom, I will find with respect to the OMVI offense he is the worst form [of] offender posing the greatest likelihood of committing future crime. That's why the maximum sentence was imposed." (Tr. 226.)
 {¶ 28} The record supports much of the trial court's declaration. According to the record, defendant had three prior OMVI convictions within the six years preceding the charge at issue. At the time of sentencing, he had two additional cases in the municipal and common pleas courts. Although at trial he denied having anything to drink on the night of the incident, at sentencing he confessed that he had relapsed from his attempts to recover from his alcohol abuse. Moreover, according to the argument of counsel on defendant's motion in limine seeking to preclude evidence of defendant's prior driving record, defendant was driving with a suspended driver's license. While Kyde did not consider defendant to have fled on the night of defendant's arrest, the trial court apparently disagreed, citing defendant's failure to stop immediately when Kyde activated his cruiser lights. In any event, the record supports so much of the trial court's explanation for its sentence that we cannot conclude the sentence lacks record support. For the foregoing reasons, defendant's second assignment of error is overruled.
 {¶ 29} Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.