The STATE of Ohio, Appellee,

v.

BLACK, Appellant.

[Cite as *State v. Black*, 172 Ohio App.3d 716, 2007-Ohio-3133.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6-06-08.

Decided June 25, 2007.

Bradford W. Bailey, Hardin County Prosecuting Attorney, and Colleen P. Limerick, Assistant Prosecuting Attorney, for appellee.

Sue A. Fitzgerald, for appellant.

Rogers, Presiding Judge.

{¶ 1} Defendant–Appellant, Shawn Mark Steven Black, appeals the judgment of the Hardin County Common Pleas Court, convicting him of one count of rape of a child under the age of ten and six counts of gross sexual imposition. On appeal, Black asserts that the trial court erred in relying on *State v. Hennis*, 2d Dist. No. 2003 CA 21, 2005-Ohio-51, 2005 WL 32796, in granting the state's motion in limine. Finding that the trial court did not err in relying on *Hennis* in granting the state's motion in limine, we affirm the judgment of the trial court.

{¶ 2} In June 2005, the Hardin County Grand Jury indicted Black on one count of rape of a child under age 13 in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; one count of pandering obscenity in violation of R.C. 2907.32(A)(3), a felony of the fifth degree; and four counts of contributing to the unruliness of a child in violation of R.C. 2919.24(A)(2), misdemeanors of the first degree, following incidents in which Black engaged in sexual conduct with his then nine-year-old daughter.

{¶ 3} In August 2005, Black pleaded not guilty and not guilty by reason of insanity to all counts of the indictment.

{¶ 4} In September 2005, the trial court held a competency hearing and held that Black was competent to stand trial, after which he withdrew his insanity defense.

{¶ 5} In January 2006, the trial court held that the victim was competent to testify at trial.

{¶ 6} In May 2006, prior to Black's trial, the state filed a motion in limine requesting that the trial court exclude all evidence of any previous alleged sexual abuse of the victim by persons other than Black. At trial, the trial court granted the state's motion in limine to exclude evidence of the victim's prior sexual abuse, based on Ohio's rape shield law. In doing so, the trial court rejected Black's argument that *In re Michael* (1997), 119 Ohio App.3d 112, 694 N.E.2d 538, was the controlling case law on the matter. Instead, the trial court stated as follows:

And so the Court did determine, uh based upon that, that uh as long as there was evidence in the record that [Black] admitted to having sexual contact or conduct with this victim, that the uh *Michael* case was not applicable, but * * * the *Hennis* case out of that same Second District was, in fact, the controlling law as far as this Court was concerned. * * * And so therefore the Court * * * would state that uh any attempt to introduce evidence of the victim's

prior sexual abuse would not be allowed.[1]

{¶ 7} The state then introduced a cassette tape recording of an interview of Black conducted by Detective George Schlub and Investigator David Holbrook in April 2005, in which Black admitted making the victim perform oral sex on him once and some "hand jobs" because he was trying to "teach her about sex." Additionally, the state introduced a letter dictated and signed by Black on the same date as the interview, in which he also admitted to making the victim perform the sexual acts recounted in the interview.

{¶ 8} Following the trial, a Hardin County jury convicted Black on the count of rape of a person less than ten years of age and all six counts of gross sexual imposition, but acquitted Black of the pandering-obscenity count.[2] Subsequently, the trial court classified Black as a sexual predator and sentenced him to a mandatory life prison term for his rape conviction and to a two-year prison term for each of his gross-sexual-imposition convictions, all to be served consecutively.

{¶ 9} It is from this judgment that Black appeals, presenting the following assignment of error for our review.

The trial court erred in relying on *State v. Hennis*, 2005-Ohio-51, in granting the state's motion in limine to exclude evidence of the victim's prior sexual abuse.

■■■ {¶ 10} In his sole assignment of error, Black contends that the trial court erred by relying on *Hennis*, 2005-Ohio-51, 2005 WL 32796, rather than on *Michael*, 119 Ohio App.3d 112, 694 N.E.2d 538, in granting the state's motion in limine. Specifically, Black asserts that he was denied his right to present evidence critical to his defense by the trial court's reliance on *Hennis*. We disagree.

■■■ {¶ 11} A motion in limine is a request "that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial. The motion asks the court to exclude the evidence unless and until the court is first shown that the material is relevant and proper." *State v. Winston* (1991), 71 Ohio App.3d 154, 158, 593 N.E.2d 308; see also *State v. Grubb* (1986), 28 Ohio St.3d 199, 203, 28 OBR 285, 503 N.E.2d 142. Thus, because a trial court's decision on a motion in limine is a ruling to exclude or admit evidence, our standard of review on appeal is whether the trial court committed an abuse of

---

1. Later in the trial, Black proffered the children services records that he sought to introduce into evidence, and the trial court again ruled to exclude them, to which Black objected.

2. At the trial, the state moved to dismiss the four misdemeanor counts of contributing to the unruliness of a child, and the trial court granted the motion.

discretion that amounted to prejudicial error. *State v. Yohey* (1996), 3d Dist. No. 9–95–46, 1996 WL 116144, citing *State v. Graham* (1979), 58 Ohio St.2d 350, 12 O.O.3d 317, 390 N.E.2d 805, and *State v. Lundy* (1987), 41 Ohio App.3d 163, 535 N.E.2d 664. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

■ {¶ 12} Here, the trial court applied *Hennis* instead of *Michael* in ruling that Ohio's rape shield law applied to exclude the records of the victim's prior sexual abuse that Black sought to introduce. The rape shield law prohibits any evidence of a victim's sexual history except to show "the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender." R.C. 2907.02(D). Even if one of the aforementioned exceptions applies, such evidence may be introduced only if the court determines that the evidence is material to a fact at issue and that its prejudicial nature does not outweigh its probative value. R.C. 2907.02(D); *State v. Chaney*, 169 Ohio App.3d 246, 2006-Ohio-5288, 862 N.E.2d 559. However, application of the rape shield law may not "unduly infringe upon a defendant's constitutional rights." *Michael*, 119 Ohio App.3d at 118, 694 N.E.2d 538, citing *State v. Williams* (1986), 21 Ohio St.3d 33, 21 OBR 320, 487 N.E.2d 560. Thus, the trial court "must balance the interests of the law against the probative value" of the excluded evidence. *State v. Gardner* (1979), 59 Ohio St.2d 14, 17–18, 13 O.O.3d 8, 391 N.E.2d 337.

{¶ 13} Black argues that the trial court's application of the rape shield law pursuant to *Hennis* unconstitutionally infringed on his ability to present his defense because the facts of this case more closely resemble those in *Michael*. In *Michael*, a trial court adjudicated Michael, a juvenile defendant, a delinquent by reason of rape, attempted rape, and gross sexual imposition of an eight-year-old boy. On appeal, Michael argued that the trial court erred in applying the rape shield law to exclude evidence of the victim's prior sexual abuse because it prevented him from showing that the victim had an alternative source of knowledge about sexual conduct. In deciding a matter of first impression, the Second District Court of Appeals agreed with courts of other jurisdictions that the average fact-finder would consider a child of the victim's age to be a "sexual innocent" and that the "sexual experience he described must have occurred in connection with the incident being prosecuted; otherwise, he could not have described it." *Michael*, 119 Ohio App.3d at 121, 694 N.E.2d 538, citing *Summitt v. State* (1985), 101 Nev. 159, 163–164, 697 P.2d 1374, citing *State v. Howard* (1981), 121 N.H. 53, 60–62, 426 A.2d 457. Thus, the Second District held that a trial court's exclusion of all evidence of a victim's prior sexual abuse under those

circumstances would be unreasonable and constitute an abuse of discretion.[3] In doing so, the Second District distinguished the facts before it from those of *State v. Guthrie* (1993), 86 Ohio App.3d 465, 621 N.E.2d 551, in which the Twelfth District Court of Appeals upheld a trial court's exclusion of evidence of a child victim's prior sexual abuse because the evidence was not material to a fact at issue, given that the defendant had admitted committing the offenses. Id. at 468, 621 N.E.2d 551. The Second District noted that, unlike the defendant in *Guthrie*, Michael had categorically denied the sexual abuse allegations. *Michael*, 119 Ohio App.3d at 121, 694 N.E.2d 538.

{¶ 14} Thereafter, the Second District decided *Hennis*, in which a teenage victim accused her adoptive mother's husband, Hennis, of sexually abusing her. At the trial, Hennis sought to introduce evidence that the victim had previously accused her uncle, with whom she had lived prior to her adoption by Hennis's wife, of molesting her, which the trial court excluded based upon the rape shield law. On appeal, the Second District affirmed, concluding that, unlike the victim in *Michael*, the victim in *Hennis* was old enough that her sexual knowledge alone was not evidence that she had been sexually abused. *Hennis*, 2005-Ohio-51, 2005 WL 32796, ¶ 50. Furthermore, the Second District held that, as in *Guthrie*, the probative value of the victim's past sexual abuse did not overcome application of the rape shield law, because Hennis had admitted to engaging in sexual activity with the victim. Id. at ¶ 51.

{¶ 15} In the case sub judice, Black correctly states that the victim here was closer in age to the victim in *Michael* than to the victim in *Hennis* and that, unlike the victim in *Hennis*, she probably could not have attained sexual knowledge unless she had been abused. While this fact supports Black's argument that evidence of an alternative source of the victim's sexual knowledge was critical and should have been admitted, Black fails to acknowledge a crucial point in the trial court's decision and the *Michael*, *Guthrie*, and *Hennis* decisions—his own admissions. Thus, any prior sexual abuse of the victim was neither probative nor material to a fact at issue because "whether or not [she] had previously accused another of sexual abuse did not prove or disprove [Black's] guilt of the crime charged," and the trial court's application of the rape shield law did not unconstitutionally infringe upon his right to present his defense. *Hennis*, 2005-Ohio-51, 2005 WL 32796, ¶ 49, citing *Guthrie*, 86 Ohio

---

3. However, the Second District also held that the trial court's application of the rape shield law had not unconstitutionally infringed upon Michael's right to present evidence in his defense, because he had elicited enough testimony about the victim's prior sexual abuse to establish an alternative source of the victim's sexual knowledge during cross-examination of two of the state's witnesses. *Michael*, 119 Ohio App.3d at 123, 694 N.E.2d 538.

722

App.3d at 467, 621 N.E.2d 551. Thus, we hold that the trial court did not abuse its discretion by relying on *Hennis* in granting the state's motion in limine.

{¶ 16} Accordingly, we overrule Black's assignment of error.

{¶ 17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW and WILLAMOWSKI, JJ., concur.