[Cite as *State v. Black*, 2011-Ohio-3127.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 6-10-15

    v.

SHAWN MARK STEVEN BLACK,       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20052025 CRI

**Judgment Affirmed**

Date of Decision:   June 27, 2011

APPEARANCES:

    *Nicole M. Winget* for Appellant

    *Bradford W. Bailey* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Shawn Mark Steven Black ("Black" or "Defendant"), appeals the judgment of the Hardin County Court of Common Pleas after he was granted a new sentencing hearing to correct an error in the imposition of postrelease control ("PRC") for his 2006 convictions for rape and gross sexual imposition. In this appeal, Black contends that the trial court erred when it failed to provide the reasoning behind its decision to impose consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} In May of 2006, a jury found Black guilty of one count of rape of a child under age 10, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. On August 1, 2006, the trial court classified Black as a sexual predator and sentenced him to a mandatory life prison term for his rape conviction and to a two-year prison term for each of his gross-sexual-imposition convictions, all to be served consecutively for a total sentence of life plus twelve years. On June 25, 2007, this Court affirmed Black's conviction on appeal. See *State v. Black*, 172 Ohio App.3d 716, 2007-Ohio-3133, 876 N.E.2d 1255.

{¶3} In August of 2010, the State requested a resentencing hearing "solely to impose the five year mandatory postrelease control."[1] A resentencing hearing was held for the "limited purpose" to "re-sentence Mr. Black, to state on the record that he basically is going to receive five years of post release control ***." (Oct. 25, 2010 Sentencing Tr., p. 2.) On November 1, 2010, the trial court filed the corrected Entry of Sentence, imposing the same sentence as in his original sentence for each of the seven counts, but also adding the notification that PRC is mandatory for five years.

{¶4} Black now appeals from this new sentencing entry, raising the following assignment of error for our review.

### Assignment of Error

**The trial court erred as a matter of law, and in prejudice of [Black], when it failed to give reasons in support of its findings when it imposed consecutive sentences.**

{¶5} Black argues that the trial court erred by failing to make findings, pursuant to R.C. 2929.14(E)(4), prior to imposing consecutive sentences. We find that his argument is without merit for several reasons.

---

[1] The original August 1, 2006 Entry of Sentencing notified Defendant about his parole eligibility after ten years on count one, pursuant to R.C. 2967.13. The judgment then stated that if Defendant was ever paroled and then found to have violated any term of his parole, the Adult Parole Authority could impose a more restrictive sanction and he could face being returned to prison until his death. The judgment entry further stated that, "Defendant is Ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that parole." However, the trial court did not specify a definitive mandatory term of five years of postrelease control. See *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110; R.C. 2967.28(B).

{¶6} As a preliminary matter, Black's resentencing was only for the narrow purpose of imposing the correct PRC. Black's limited sentencing hearing to correct the portion of his sentence pertaining to PRC "cannot be used as a vehicle to reopen all other aspects of his case." See *State v. Griffin*, 3d Dist. No. 1-10-27, 2011-Ohio-1462, ¶9.

{¶7} R.C. 2929.191, enacted as part of H.B. 137, establishes a procedure to remedy sentences that fail to properly impose a term of PRC for defendants, like Black, who were sentenced on or after its July 11, 2006 effective date. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus.

> **The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B)** *pertain only to the flawed imposition of postrelease control. R.C. 2929.191 does not address the remainder of an offender's sentence.* **Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender which are unaffected by the court's failure to properly impose postrelease control at the original sentencing.**

(Emphasis added.) *Singleton* at ¶24.

{¶8} The Ohio Supreme Court recently affirmed that it is only the PRC aspect of a sentence that must be rectified, and the remainder of the sentence remains valid under the principles of res judicata. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶17. Although the issue in *Fischer*

pertained to the imposition of PRC in a case where the defendant was sentenced before the effective date of R.C. 2929.191, its reasoning is equally applicable to the facts in any case where a court has not properly imposed PRC. See id. at ¶31 (stating that "[o]ur decision today is limited to a discrete vein of cases; those in which a court does not properly impose a statutorily mandated period of postrelease control.") "[R]es judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id., at paragraph three of the syllabus.

{¶9} And, *even if* other portions of Black's sentence would have been subject to review, Black's argument has no basis in the current law. In *State v. Foster*, the Ohio Supreme Court declared unconstitutional those portions of the felony sentencing statutes that required judicial fact-finding before the trial court could impose a prison sentence, specifically including R.C. 2929.14(E)(4). 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶97. The Ohio Supreme Court held that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range *and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.*" (Emphasis added.) Id. at paragraph seven of the syllabus. This reasoning was recently reaffirmed in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, at paragraphs two and three of the syllabus.

{¶10} Based on the above, Black's assignment of error is overruled. Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**