JOURNAL ENTRY AND OPINION
This is an appeal from a jury verdict of guilty following a trial before Judge Lillian J. Greene. Elvert Brisco contends his convictions on two counts of rape cannot stand because they are against the manifest weight of the evidence; it was prejudicial error to permit the introduction of hearsay evidence; and he was restricted in what could be asked of the State's medical witness and argue to the jury. We disagree and affirm.
On June 16, 1998, Brisco was charged with three counts of vaginal rape and one count of anal rape in violation of R.C.2907.02. The alleged victim, R., was Brisco's cousin's daughter, who was seven years old at the time of the offenses, believed to be December 23, 1995. From the record we glean the following: Herbert Brisco, R.'s maternal grandparent, lived in an efficiency apartment at 15600 Terrace Road in East Cleveland, which consisted of one large room, a kitchen and a bathroom. Following a stroke, he was confined to a wheelchair but returned to his apartment in November of 1995 and was assisted by his nephew Brisco, then aged 28 years, who slept in either a roll-away cot or on a Lazy-Boy recliner.
On December 23, 1995, R. and her sister T. then age five years, were to spend the night with their grandfather. On July 30, 1997, R. told her mother that on that December night she had been sleeping at the foot of her grandfather's king-size bed while T. was sleeping at the top. She claimed she awoke to find that Brisco had taken her to the recliner and penetrated her vagina. He then followed her to the bathroom and demanded that she fellate him, but she refused. He then raped her a second time while holding her on the bathroom sink. She stated he then made her sit on his lap on a chair in the large room and she was able to return to her bed only because her grandfather woke up, asked what was going on and ordered her back to bed. R. stated she didn't tell anyone at the time because Brisco had promised to give her a Barbie doll and some money if she kept the secret.
Upon hearing these details, R.'s mother notified police and took the child to the emergency room at University Hospital. However, because the incident occurred nineteen months before, no direct physical evidence was found. The physician on duty noted in his records that R.'s mother indicated that vaginal and rectal penetration had been only attempted.
J.W. a male cousin, three years older than R., testified that R. disclosed the rape to him within two months, sometime in January 1996. He stated that R. asked him to keep the event a secret, and that he did so until R. disclosed the rape to her mother.
Marsha Thompson, a pediatric nurse practitioner, testified as an expert for the State. An assistant county prosecutor had suggested to the East Cleveland police that Thompson be consulted. She testified that she conducted an interview with R. and her mother and physically examined R. on August 18, 1997. Based on her physical examination, which showed some stretching of hymenal tissue and flattening of rugae or vaginal folds, Thompson expressed the opinion that R. had been the victim of sexual abuse. On cross-examination, she rendered an opinion that the physical findings were caused by more than one event of penetration, although she was unable to estimate how many episodes it would take to result in physical findings she reported. Thompson admitted that R.'s physical manifestations were inconsistent with a single episode of sexual abuse that would have occurred nineteen or twenty months before her August, 1997 examination, both because the stretching and flattening appeared to have been caused by more than one event, and because any flattening caused by an event that long ago should have healed, at least significantly more than it had by the time of Thompson's exam.
After allowing Brisco's lawyer to establish a foundation, the judge prevented him from asking Thompson for an opinion on whether R had been the victim of repeated sexual penetration since December 23, 1995, when she sustained the State's objections to such questions. The judge also sustained the State's objections to Brisco's lawyer's closing argument on the issue, foreclosing a submission that R.'s physical condition was caused by something other than a rape by Brisco. The grounds for the objections were not stated.
During trial in January of 1999, the judge dismissed count three (anal rape), pursuant to Crim.R. 29. The jury returned a verdict of guilty on the two remaining counts of rape. Brisco was sentenced to two concurrent life imprisonments and, after a hearing, was adjudicated a sexual predator.
Brisco asserts the following three assignments of error:
 I. THE VERDICTS ARE AGAINST THE WEIGHT OF THE EVIDENCE.
Brisco contends the evidence was not sufficiently credible to allow his convictions to stand. He suggests the alleged rapes were not supported by medical testimony, the medical records suggested at best an attempted rape, the child was coached, and most of the testimony was contradictory. The State counters that eight witnesses testified including two eye-witnesses, the child and the grandparent and there was ample evidence to support the verdicts.
We review this claim to determine whether the jury clearly lost its way in rendering guilty verdicts. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-21. In doing so we review the evidence and all reasonable inferences in the record, as well as assessing the credibility of witnesses to determine whether the jury's resolution was a manifest miscarriage of justice. Id.
Under this standard the verdict is not against the weight of the evidence. R.'s testimony, as well as that of her grandfather, her minor cousin, and the State's expert, Marsha Thompson, all provided credible evidence that Brisco raped R. while at her grandfather's house in December 1995. There was no real dispute that R. spent the night at her grandfather's house sometime in December 1995, and that Brisco was present. The details of R.'s testimony, supported by the evidence and inferences derived from the testimony of her grandfather and her cousin, provided ample weight for the jury to reach its verdict.
Brisco's first assignment of error is overruled.
 III. THE TRIAL COURT ERRED BY ALLOWING IMPROPER HEARSAY THROUGH WITNESS TESTIMONY AND FROM THE MEDICAL RECORDS.
Brisco contends here that the judge improperly allowed R.'s cousin, J.W., to testify that R. told him she had been raped, and further complains that it was improper to admit the records of Thompson's examination of R. on the basis of hearsay and the denial of his constitutional right to confront witnesses against him. The State counters that the testimony of R.'s cousin was admitted pursuant to Evid.R. 801(D)(1)(b), as a prior consistent statement offered to rebut an express or implied charge of against (R) of recent fabrication or improper influence or motive. Brisco claims, however, that this limited hearsay exclusion was inapplicable because his lawyer had not charged R. with fabricating her testimony.
Our review of the record reveals that Brisco's lawyer questioned R. about the number of people she had spoken to since disclosing the alleged rape to her mother. She admitted that she spoke with three different women at the courthouse about her rape, that the women had given her anatomically correct dolls to help her tell her story, that it became easier for R. to tell her story each time she did it, and that the women had helped R. remember stuff. The judge did not abuse her discretion in deciding that Brisco's lawyer's questioning amounted to an implied charge of recent fabrication. State v. Bienkowski (Nov. 23, 1983), Cuyahoga App. No. 46795, unreported. Because his questioning implied that R. had been influenced to alter her story, it was not error to allow R.'s cousin to testify about R.'s prior statements, to the extent they were consistent with her testimony. See State v. Hamilton (1991),77 Ohio App.3d 293, 303, 602 N.E.2d 278, 285 (Evid.R. 801(D)(1)(b) does not allow blanket admission of all statements made by the declarant.)
R. had testified before her cousin and had been excused. Brisco claims because she was no longer subject to cross examination on the alleged statement she had made to her cousin, that he was denied his right of confrontation. We reject this contention because Brisco has not shown that R. was not subject to cross-examination concerning the statement at the time she testified. Brisco has not claimed that he was unaware of the statement before trial or was surprised by the testimony of R.'s cousin, and, in fact, his lawyer cross-examined R. about whether she had disclosed the rape to her cousin. The record does not support this argument.
Finally, we reject Brisco's claim that the testimony of R.'s cousin should have been excluded as unfairly prejudicial under Evid.R. 403(A). Not only does it appear that Brisco's lawyer failed to assert this objection at trial, we would reject the claim on its merits. Certainly the testimony was prejudicial to Brisco; however, it was not unfairly prejudicial. The statement was offered after Brisco's lawyer suggested that R.'s testimony had been influenced by adults. Furthermore, we refuse to find that there was any danger of the jury improperly considering the hearsay as substantive evidence, as claimed in Brisco's brief. Evidence admitted as non-hearsay under Evid.R. 801(D) normally is considered admitted for all purposes, and a limiting instruction is not given. If one wishes to argue for a limiting instruction with respect to evidence admitted under Evid.R. 801(D)(1)(b), it is best first to request the limiting instruction before the trial judge. No such request was made below and we, therefore, refuse to search for plain error on the basis of a single sentence in appellant's brief.
We similarly reject Brisco's claims of error based upon the admission of Thompson's medical records as an exhibit because they contained statements from R.'s mother concerning R.'s behavioral changes. The judge allowed into evidence under Evid.R. 803(4), statements made for medical diagnosis. Brisco contends that these statements were not made for the purposes of medical diagnosis, and therefore are not admissible. In support of his contention, he cites State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.
Boston concerned the admissibility of statements made by a two and one half year old child to a psychologist, and questioned whether the child understood the need to give accurate information in order to receive proper diagnosis and treatment. Id. at 121-23,545 N.E.2d at 1233-35. These issues are inapplicable here, as the declarant in this case was not R. herself, but R.'s mother. In this situation, a child's parent can give a medical professional information for medical diagnosis and treatment of the child, and those statements are admissible under Evid.R. 803(4). See, e.g.,United States v. Yazzie (C.A. 9 1995), 59 F.3d 807, 813 (allowing mother's identification of perpetrator under 803(4), and stating that a parent's statements would easily qualify under most circumstances).
In this case, R.'s mother made statements to Thompson to help Thompson determine whether R. was a victim of sexual abuse. The medical record indicated that R.'s mother reported R.'s symptoms and behavior that she had observed herself, and that Thompson had requested in order to make a diagnosis. Furthermore, R.'s mother testified to R.'s symptoms at trial, and was subject to cross-examination. Any error was harmless and the judge did not abuse her discretion in allowing the exhibit into evidence. State v. Awkal
(1996), 76 Ohio St.3d 324, 331, 667 N.E.2d 960, 968
Brisco's third assignment of error is overruled.
 II. THE TRIAL COURT ERRED BY SUSTAINING THE STATE'S OBJECTIONS TO APPELLANT'S CLOSING
 ARGUMENT
Brisco attempted to establish and argue that Thompson believed R. had been sexually abused repeatedly, and more recently than December 1995. Brisco claims that Thompson's opinion was admissible as evidence analogous to that showing the origin of semen, pursuant to R.C. 2907.02(D). The State argues that the judge properly excluded such questioning and argument pursuant to the rape shield statute, R.C. 2907.02(D), which states:
 (D) Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
The rape shield statute is not always applied literally, as in some instances it might infringe upon a defendant's constitutional right to confront witnesses. State v. Gardner (1979), 59 Ohio St.2d 14,16-17, 391 N.E.2d 337, 340. To protect the defendant's constitutional right, the trial judge must balance the purpose of the evidence and its probative value against the interests protected by the rape shield statute. Id.
The rape shield statute serves several state interests, as stated in Gardner:
 First, by guarding the complainant's sexual privacy and protecting her from undue harassment, the law discourages the tendency in rape cases to try the victim rather than the defendant. In line with this, the law may encourage the reporting of rape, thus aiding crime prevention. Finally, by excluding evidence that is unduly inflammatory and prejudicial, while being only marginally probative, the statute is intended to aid in the truth-finding process.
Id., 59 Ohio St.2d at 17-18.
The judge has discretion to determine the relevance of evidence and apply R.C. 2907.02(D) in the first instance, and we therefore review a judge's action for abuse of discretion. In reMichael (1997), 119 Ohio App.3d 112, 119, 694 N.E.2d 538, 543. However, although the confrontation right is flexible enough to allow a judge to exercise discretion in admitting evidence, our review of the constitutional question, should it become necessary, is de novo. State v. Ziepfel (1995), 107 Ohio App.3d 646, 652,669 N.E.2d 299, 303.
Brisco contends the State introduced Thompson's testimony that R. had been sexually abused to support R.'s testimony that Brisco had raped her. However, he claims, if Thompson had expressed an opinion that R.'s physical condition was probably caused by events other than those occurring in December 1995, that opinion would no longer support R.'s testimony. He argues he did not seek to introduce the testimony in order to unduly harass or put R. on trial, but instead was attempting to introduce evidence of another offender and, therefore, this evidence would not be used against R. in the same way evidence of other consensual partners would be used against an adult victim. It is his position that the evidence substantially could have eroded or destroyed Thompson's testimony as support for R.'s testimony, and because it injected the possibility that R. had misidentified her abuser, its probative value was not outweighed by its prejudicial nature.
In State v. Ferguson (1983), 5 Ohio St.3d 160, 164,450 N.E.2d 265, 268, an attempt to introduce evidence of a victim's sexual activity, if it is offered simply to impeach the victim's credibility, was prohibited. Moreover, a decision to apply the rape shield law is within the discretion of the judge. State v.Hart (1996), 112 Ohio App.3d 327, 331, 678 N.E.2d 952, 954. See, also, State v. Davis (Aug. 16, 1990), Cuyahoga App. No. 57404, unreported. Based upon the record in this case, it cannot be said that Brisco was prejudiced by the limitation of questions posed to Thompson nor by a limitation on his closing argument. He had a substantial opportunity to examine the expert and was allowed to argue it enough to get his point across to the jury. It appears that the issue of the child's subsequent sexual activity was not relevant to whether Brisco had raped her in December of 1995 and the clear purpose was to attack her credibility. We find no abuse of discretion and overrule this assignment of error.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ JUDGE, ANNE L. KILBANE
 LEO M. SPELLACY, P.J., CONCURRING IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION;
KENNETH A. ROCCO, J., CONCURRING IN JUDGMENT ONLY.