OPINION
{¶ 1} Appellant, Greg Knodel, appeals his conviction in the Hamilton Municipal Court for receiving stolen property in violation of R.C.2913.51(A). We affirm the decision of the trial court.
 {¶ 2} On March 23, 2006, appellant was involved in the traffic stop of a vehicle driven by Lawrence Miller. The car was recognized by Hamilton Police Officer Foley as one reported stolen. Foley initiated a traffic stop of the vehicle. Hamilton Police Officer Huff *Page 2 
testified at trial that he had observed the vehicle turning onto Main Street from the Kroger parking lot. He observed Foley initiating the traffic stop and pulled his vehicle behind Foley's to assist. Appellant was seated in the front passenger seat of the vehicle. During the traffic stop, Huff approached appellant while Foley approached Miller. Huff testified at trial that, as he approached the vehicle, he was able to observe a package of steaks on the floor of the car between appellant's legs. Huff removed appellant from the car. He searched appellant and found drug paraphernalia. Huff placed appellant in the cruiser and returned to search the vehicle, where he found additional drug paraphernalia, as well as additional steaks under the driver's seat of the vehicle. Huff then questioned Miller regarding the steaks.
 {¶ 3} At trial, Huff testified that Miller admitted that "they had taken [the steaks] from Kroger." Appellant did not object to this testimony. Huff also testified that appellant denied knowing that there were steaks under his seat and denied being involved in stealing them from Kroger. Miller testified that appellant was not involved in stealing the steaks from Kroger, that he had stolen the steaks prior to picking up appellant, and that he had not told appellant that the steaks were stolen or even that they were in the car.
 {¶ 4} Following Miller's testimony, Huff was called to the stand and again questioned regarding the statements Miller made on the day of appellant's arrest regarding appellant's knowledge of and involvement in obtaining the stolen steaks. At this point, defense counsel objected to the testimony. The objection was overruled.
 {¶ 5} Appellant was charged with receiving stolen property and drug paraphernalia offenses. After a bench trial, appellant was found guilty on the charge of receiving stolen property and sentenced to 180 days. Appellant was found not guilty on charges related to possession of drug paraphernalia, and as such, those charges are not at issue in the instant case.
 {¶ 6} Appellant presents two assignments of error on appeal. *Page 3 
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ADMITTED CERTAIN HEARSAY STATEMENTS INTO EVIDENCE."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY A CONVICTION FOR RECEIVING STOLEN PROPERTY."
 {¶ 11} Appellant's first assignment of error challenges the admissibility of hearsay evidence admitted to prove appellant's possession of the steaks. Appellant's second assignment of error rests on the proposition that there was no evidence, direct or circumstantial, admitted at trial to prove that appellant was in possession of the steaks at any time. The analysis of the first assignment of error depends on our resolution of the second assignment of error. Because we find that these assignments of error are interrelated, we discuss them together.
 {¶ 12} Appellant argues that the trial court improperly admitted inadmissible hearsay when it allowed Huff to testify that Miller told him at the scene of the traffic stop that "`they' got the steaks from Kroger's." Huff made this statement both in direct testimony without objection and in rebuttal testimony with a defense objection. Under the rules of evidence, a "witness is barred on hearsay grounds from testifying as to the statements made by another only when the statement is offered to prove the truth of the matter asserted in the statement, and only where the statement falls outside any exceptions to the rule against hearsay." State v. Carter, 72 Ohio St.3d 545, 549,1995-Ohio-104. Huff was permitted to testify as to statements made by Miller, so the first part of this definition is clearly met. The issue remaining, then, is whether the statements were admitted for the truth of the matter asserted.
 {¶ 13} The state argues that the evidence was properly considered for its substance because no objection was raised when the state offered the testimony of Huff into evidence *Page 4 
during its direct examination of him. Ohio law requires contemporaneous objection to an error. If a party fails to object to the admission of hearsay evidence, "it may be considered by the trier of fact for whatever probative value it may have." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 16. Further, the general rule is that "the failure to interpose a timely objection at a time when the trial court can correct an error constitutes a waiver of any objection to the admissibility of evidence." Id.
 {¶ 14} The state also argues that the evidence was not admitted to prove the truth of the matter asserted, but rather that it was properly admitted as rebuttal evidence since Miller testified that he did not make the statements. Rebuttal evidence is admissible under Evid.R. 613(B). However, Evid.R. 613(B) "permits extrinsic evidence of a prior inconsistent statement only to impeach." State v. Bethel,110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 182. In the absence of facts demonstrating otherwise, "a reviewing court is compelled to presume that the lower court, acting as the trier of fact, only considered properly admitted evidence." State v. Schultz, Lake App. No. 2003-L-156, 2005-Ohio-345, ¶ 37, citing State v. Coombs (1985), 18 Ohio St.3d 123, 125; State v.Eubank (1979), 60 Ohio St.2d 183, 187; Columbus v. Guthmann (1963), 175 Ohio St. 282. As such, unless the record contains facts indicating otherwise, we must assume that the trial court used evidence properly in reaching its decision to convict appellant. We find that the rebuttal testimony was properly admitted for impeachment purposes. The direct testimony, however, in the absence of an objection, "may be considered * * * for whatever probative value it may have." Davis at ¶ 16. The lack of an objection to Huff's testimony on direct waives all but plain error.
 {¶ 15} Crim.R. 52(B) provides a necessary exception to the general rule of waiver. It provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the court "must find error, the error must be plain, which means an obvious defect in trial *Page 5 
proceedings, and the error must have affected the defendant's substantial rights." State v. Davis, Cuyahoga App. No. 88649,2007-Ohio-3419, ¶ 17, citing State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68. This rule has been interpreted to require a finding that "but for the error, the outcome of the trial clearly would have been different." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 17, citing State v. Long (1978), 53 Ohio St.2d 91; State v. Hill,92 Ohio St.3d 191, 203, 2001-Ohio-141.
 {¶ 16} Application of the rule is discretionary in nature. It is a drastic measure that the Ohio Supreme Court has advised should be applied only in the most extreme circumstances: "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error `with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68, citing State v. Long (1978),53 Ohio St.2d 91, paragraph 3 of the syllabus.
 {¶ 17} Taking into consideration the Ohio Supreme Court's recommendations, we proceed cautiously in applying Rule 52(B). As a threshold matter, we must determine whether plain error exists. In order to prove plain error, we must find that, but for the trial court's admission of the hearsay statements, the state would not have been able to prove beyond a reasonable doubt that appellant was guilty of receiving stolen property.
 {¶ 18} If we are able to determine that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt without consideration of the substantive content of the hearsay evidence, then the hearsay evidence was not clearly outcome determinative. See State v. Scott, Franklin App. No. 05AP-1144,2006-Ohio-4981, ¶ 27. That is to say, if all of the other evidence admitted is sufficient to prove the elements of *Page 6 
the crime without consideration of the substance of the hearsay evidence, appellant cannot prevail under plain error. As such, resolution of the second assignment of error, regarding the sufficiency of the evidence, in favor of the state without consideration of the hearsay evidence for its substance necessarily precludes a finding in appellant's favor on the first assignment of error.
 {¶ 19} In reviewing the sufficiency of the evidence to support a criminal conviction, the reviewing court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. When deciding a sufficiency of the evidence issue, the reviewing court may not substitute its evaluation of witness credibility for that of the trier of fact. State v. Benge, 75 Ohio St.3d 136, 142, 1996-Ohio-227. The state can use either direct or circumstantial evidence to prove the elements of a crime. State v. Nicely (1988), 39 Ohio St.3d 147, 151. Furthermore, "circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, paragraph one of the syllabus.
 {¶ 20} R.C. 2913.51(A) recites the elements of the crime of receiving stolen property and provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." In order to find appellant guilty of receiving stolen property, the court had to find beyond a reasonable doubt that appellant received property that appellant either knew or had reasonable cause to believe was stolen property.
 {¶ 21} To prove that appellant had received the property, the state had to present *Page 7 
evidence proving each of the elements of the crime beyond a reasonable doubt. Thus, the state had to prove that appellant received property and that appellant either knew or had reasonable cause to believe the property was stolen. In order to prove that appellant received stolen property, the state introduced evidence that appellant was in possession of the steaks at the time that he was arrested.
 {¶ 22} We find that the state presented sufficient evidence for a rational trier of fact to determine that appellant had possession of the steaks. The steaks were initially viewed on the floorboard of the car between appellant's legs. Accordingly, the steaks were in his immediate physical control. State v. DeRossett (June 8, 1998), Clermont App. No. CA97-10-082, at 6. This satisfies only the first element of the crime of receiving stolen property, that appellant received, retained, or disposed of property. In order to prove the second element, the state was required to prove beyond a reasonable doubt that appellant knew that the steaks were stolen.
 {¶ 23} Knowledge may be inferred from the circumstances. The Ohio Supreme Court and the United States Supreme Court have both determined that "`[possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.'" State v. Arthur (1975),42 Ohio St.2d 67, 68, quoting Barnes v. United States (1973),412 U.S. 837, 93 S.Ct. 2357. Although Miller testified that appellant was not involved in stealing the steaks from Kroger, there was sufficient evidence for a reasonable person to find that appellant was involved in the theft. As stated above, evidence presented at trial established that there were at least nine steaks in the car, at least some of which were not in bags. Moreover, the number of steaks suggests that it would be difficult for one person to take all of them. The steaks were fresh and cold, and the vehicle was noted to be exiting the *Page 8 
Kroger parking lot. Further, due to his impeachment, the trier of fact could have found as not credible the testimony of Miller indicating appellant was not involved. There was sufficient circumstantial evidence from which the trier of fact could conclude that appellant participated in the actual theft of the steaks and therefore knew that they were stolen.
 {¶ 24} After viewing the entire record and the evidence in a light most favorable to the state, we conclude that a rational trier of fact could have found the essential elements of receiving stolen property proven beyond a reasonable doubt. Appellant's second assignment of error is therefore overruled.
 {¶ 25} In overruling the second assignment of error without considering for substantive purposes the hearsay testimony of Huff about the statements made by Miller regarding appellant's participation in the theft, we determine that the hearsay testimony was not outcome determinative. As such, admission of the evidence was not plain error and we cannot notice the error under Crim.R. 52(B). Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} Judgment affirmed.
 YOUNG, P.J. and WALSH, J., concur. *Page 1