[Cite as *State v. Statzer*, 2016-Ohio-7434.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2015-08-148 |
| | : | O P I N I O N<br>10/24/2016 |
| - vs - | : | |
| | : | |
| RALPH STATZER, JR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-05-0807

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Fred Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1}   Ralph Statzer, Jr. appeals his convictions in the Butler County Common Pleas Court for rape.  The state indicted Statzer for raping a minor family member multiple times while the victim was between seven and eleven years old.  During trial, the court held an *in camera* rape shield hearing to determine whether Statzer's counsel could cross-examine the victim regarding an allegation that she falsely accused another relative of rape.  During the hearing the victim denied that the allegation was false and indicated that the allegation

involved molestation, but not intercourse. Trial resumed and Statzer's counsel asked the victim no further questions on this subject. At the conclusion of the bench trial, the court found Statzer guilty of five counts of rape. The court imposed sentences of life in prison with parole, and ten years to life, on four of the counts. On count three, the court sentenced Statzer to 18 years to life in prison.

{¶ 2} On appeal, Statzer raises three assignments of error.

{¶ 3} Assignment of Error No. 1:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT CONDUCT A COMPLETE RAPE SHIELD HEARING AND WHEN IT DID NOT MAKE THE DETERMINATION REGARDING THE ABILITY TO CROSS-EXAMINE [THE VICTIM].

{¶ 5} Statzer contends that the court erred in the manner in which it conducted the rape shield hearing. Statzer argues that the court failed to make a required factual finding, i.e., whether and what type of sexual activity occurred between the victim and the other relative, and further failed to outline Statzer's counsel's ability to cross-examine the victim on the alleged false accusation.

{¶ 6} Statzer did not object to the court's handling of the rape shield hearing. Nonetheless, Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error means an obvious defect in trial proceedings that affected the defendant's substantial rights. *State v. Knodel*, 12th Dist. Butler No. CA2006-06-156, 2007-Ohio-4536, ¶ 15.

{¶ 7} Evid.R. 608(B) generally precludes the admission of extrinsic evidence of specific conduct of a witness that is submitted for the purpose of challenging the witness' character for truthfulness. In addition, R.C. 2907.02(D), the rape shield law, prohibits evidence of "specific instances of the victim's sexual activity" in rape prosecutions.

{¶ 8} In *State v. Boggs*, 63 Ohio St.3d 418 (1992), the Supreme Court of Ohio addressed whether and how a defendant could, for the purpose of attacking credibility, cross-examine a victim on prior false allegations of rape. The court concluded that false allegations of rape could be inquired into only where the allegations were "totally unfounded." *Id.* at paragraph two of the syllabus. Stated otherwise, evidence of a prior false accusation of rape may be admissible so long as there was no sexual activity between the victim and the falsely accused.

{¶ 9} The burden is on the defense to demonstrate the allegations of sexual misconduct were made by the victim and were "actually false or fabricated." *Id.* at 423. The court must also determine whether any sexual activity took place, either rape or consensual sex. The rape shield law precludes further cross-examination on the subject of the accusations unless the court determines that the prior allegations were false because no sexual activity took place. *Id.*

{¶ 10} During trial and on cross-examination, Statzer's counsel asked the victim if she had ever made any false allegations of rape. She said "no." The court then held an *in camera* hearing pursuant to *Boggs*. Statzer's counsel asked the victim about a recorded call her mother placed to children's services to report that another relative had raped the victim. During the call, the victim could be heard yelling in the background that she was "not raped."

{¶ 11} Statzer's counsel asked the victim to explain this remark. The victim responded that at the time of the recorded call she did not know the legal definition of rape and, therefore, "I did not consider myself raped." She explained that she later learned the legal definition before she testified at a grand jury, and that someone (presumably the prosecutor) told her that "at a certain age and what had happened, it qualified as rape." The hearing ended and trial resumed. Statzer's counsel asked the victim no further questions on this subject.

{¶ 12} This court finds no obvious defect affecting substantial rights, i.e., plain error, in the trial court's handling of the rape shield hearing. The court had the discretion to exclude this extrinsic evidence under Evid.R. 608(B). And pursuant to *Boggs*, Statzer had the burden to demonstrate that the victim made a false, totally unfounded, accusation of rape. He failed to do so. The victim yelled that she was "not raped." However, she explained that this was not a recanting of an earlier allegation. She testified that she did not, at the time, understand the legal definition of rape. In other words, she alleged molestation but did not have sexual intercourse with the perpetrator and thus, did not consider herself "raped."

{¶ 13} We do not find that the victim's testimony was ambiguous or that further questioning by Statzer or the court was necessary to determine the alleged specific act of sexual misconduct. Moreover, because sexual activity was involved, the rape shield law would preclude cross-examination on this subject during trial. *Boggs*, 63 Ohio St.3d at 423. Statzer's counsel presumably realized this and there was no need for the court to offer explicit direction on this subject. Consequently, we overrule the first assignment of error.

{¶ 14} Assignment of Error No 2:

{¶ 15} APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 16} Statzer argues that his convictions must be reversed because he received ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. To prevail on an ineffective assistance of counsel claim, Statzer must show his trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984).

{¶ 17} In order to demonstrate prejudice, Statzer must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of trial would have been

different. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42. A "reasonable probability" is a probability that is "sufficient to undermine confidence in the outcome." *Strickland* at 694. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *Kinsworthy* at ¶ 42.

### Rape shield hearing

{¶ 18} Statzer contends that counsel was ineffective during the rape shield hearing and should have inquired further of the victim concerning the alleged false allegation of rape. This argument is meritless for the reasons set forth in our discussion on the first assignment of error. Statzer failed to demonstrate that the victim made a false accusation. Moreover, even if he had met his burden of proving that the accusation was false, further cross-examination at trial would be precluded by the rape shield law because there was sexual activity involved.

### Failure to claim rape shield statute unconstitutional as applied

{¶ 19} Statzer argues that his counsel was ineffective for failing to challenge the constitutionality of the rape shield law as it was applied to him. The rape shield law prohibits the admission of evidence concerning a victim's sexual activity except in some narrow circumstances. R.C. 2907.02(D). Necessarily, any restriction on a defendant's ability to cross-examine an accuser could impede due process rights.

{¶ 20} But a defendant's due process rights must be balanced against the state's interest in the rape shield law. *State v. Hart*, 112 Ohio App.3d 327, 331 (12th Dist.1996). To determine whether the rape shield law was unconstitutionally applied, the state's interest must be balanced against the probative value of the excluded evidence. *Id.* at 331-332. Legitimate state interests include guarding the victim's privacy, preventing the victim from undue harassment, and discouraging the tendency in rape cases to try the victim rather than the defendant. *Id.* at 332.

{¶ 21} To assess the probative value of the excluded evidence, it is necessary to examine its relevance to the issues for which it was offered. *Id.* Here, the excluded evidence was intended to demonstrate that the victim falsely accused another relative of a different rape, i.e., to attack the victim's credibility. But Statzer offered no credible evidence establishing the falsity of the allegation. Thus, the excluded evidence lacked probative value. Moreover, the excluded evidence was oriented exclusively towards impeaching the victim's credibility and was not probative of any material issue in the case, i.e., whether Statzer raped the victim on specific dates over the course of multiple years. Consequently, an as-applied challenge to the rape shield law would lack merit and counsel cannot be deficient for failing to raise a meritless claim.

Failure to cross-examine and call a witness

{¶ 22} Statzer contends that counsel was ineffective for failing to confront the victim with an affidavit. The affidavit, signed by a relative, alleged that the victim told the relative that the victim's mother pressured her into making false accusations of rape against Statzer. However, Statzer's counsel did cross-examine the victim on this specific allegation and the victim denied the claim. Accordingly, this argument lacks merit.

{¶ 23} Statzer also argues that counsel was ineffective for failing to ensure that the relative who signed the affidavit appeared and testified at trial. The record demonstrates that Statzer's counsel twice subpoenaed the relative to appear, once by personal service and once by certified mail, and neither attempts at service were successful. The record does not reflect whether counsel made any additional efforts to secure the witness.

{¶ 24} Even if counsel made no further attempts we cannot find any deficiency on this record. It is well-established that the choice to call witnesses is a trial tactic. *State v. Jones*, 12th Dist. Butler No. CA2001-03-056, 2002-Ohio-5505, at ¶ 22. Trial tactics are afforded the presumption of reasonableness. To overcome that presumption, and to establish prejudice,

Statzer "must establish that the testimony of the witness would have significantly assisted the defense[,] and that the testimony would have affected the outcome of the case." *Id.*

{¶ 25} We conclude that the relative's anticipated testimony would not have changed the outcome of this case. This prosecution hinged on the credibility of the victim, witnesses, and Statzer. Here, the trial judge believed the victim's testimony describing five separate instances where Statzer raped her. We defer to the factfinder on credibility determinations. *State v. Andrews*, 12th Dist. Butler No. CA2009-02-052, 2010-Ohio-108, ¶ 46.

{¶ 26} And after having reviewed the record, we find no error in the trial court's determination that Statzer's testimony was not credible. Statzer's version of events at trial was inconsistent with his earlier statements. And Statzer's claim that the minor victim asked him to perform oral sex on her, that she became angry at him when he refused, and then decided to falsely accuse him of rape, strains credibility. Consequently, we find nothing to suggest that the relative's anticipated testimony would have affected the outcome of the case. Accordingly, we overrule the second assignment of error.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELANT WHEN IT IMPOSED A PRISON TERM OF 18 YEARS TO LIFE PURSUANT TO COUNT III.

{¶ 29} Statzer challenges his sentence on count three of the indictment, i.e., rape, a violation of R.C. 2907.02(A)(1)(b), with a specification that the victim was less than ten years of age. On this count the court imposed an indefinite sentence of 18 years to life in prison. Statzer argues that this sentence was erroneous and the state agrees.

{¶ 30} In *State v. Jones*, 12th Dist. Brown No. CA2014-09-017, 2015-Ohio-2314, this court found that there are two sentencing options for a conviction under R.C. 2907.02(A)(1)(b) where the victim is under ten years of age. *Id.* at ¶ 11. The court may

sentence the offender to an indefinite term of 15 years to life in prison, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B). Therefore, this court finds that the trial court erred in sentencing Statzer to an indefinite term of 18 years to life in prison. Consequently, we find merit in the third assignment of error and reverse and remand for resentencing on count three.

{¶ 31} Statzer also argues that R.C. 2971.03(B)(1)(b) is in conflict with R.C. 2967.13(A)(5), the latter of which provides that a prisoner convicted of rape becomes eligible for parole after ten years of imprisonment if the court imposed a sentence of "imprisonment for life." Thus, Statzer argues that the rule of lenity requires he receive the lesser of the two conflicting sentences, i.e., a ten-year minimum sentence. This argument is meritless. Statzer was not sentenced to imprisonment for life on count three. Moreover, R.C. 2967.13(A) states that it governs parole eligibility except as provided in subsection (G). R.C. 2967.13(G) provides that a prisoner serving a prison term imposed pursuant to R.C. 2971.03, as was the case here, never becomes eligible for parole during that term of imprisonment.

{¶ 32} Judgment affirmed in part, reversed in part and remanded.

PIPER, P.J., and RINGLAND, J., concur.