[Cite as *New Lexington City School Dist. Bd. of Edn. v. Muzo Invest. Group, L.L.C.*, 2016-Ohio-1338.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| NEW LEXINGTON CITY SCHOOL DISTRICT BOARD OF EDUCATION | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant/Cross-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-CA-00012 |
| MUZO INVESTMENT GROUP, LLC, ET AL. | : | |
| | : | |
| and | : | |
| | : | |
| BAYVIEW LOAN SERVICING, LLC AND IB PROPERTY HOLDINGS, LLC | : | |
| | : | |
| Defendant-Appellee/Cross-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Perry County Court of
                                Common Pleas, Case No. 12-CV-00448


JUDGMENT:                        AFFIRMED; CROSS-APPEAL
                                 DISMISSED


DATE OF JUDGMENT ENTRY:         March 29, 2016


APPEARANCES:

For Plaintiff-Appellant/Cross-Appellee:        For Defendant-Appellee/Cross-
                                               Appellant:


LISA M. BURLESON                               MARCEL C. DUHAMEL
300 Marconi Blvd., Suite 205                   NATALIA STEELE
Columbus, OH 43215                             200 Public Square, Suite 1400
                                               Cleveland, OH 44114-1724

*Delaney, J.*

{¶1}   Plaintiff-Appellant New Lexington City School District Board of Education appeals the February 25, 2015 and April 16, 2015 judgment entries of the Perry County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant New Lexington City School District Board of Education ("New Lexington") was the owner of a property located at 101 Third Street, New Lexington, Ohio ("the Property"). In 2003, New Lexington sold the Property to Perry-Hocking Educational Service Center. New Lexington leased a portion of the Property back from Perry-Hocking Educational Service Center through a 99-year lease agreement, starting on March 21, 2003 and terminating on March 20, 2102. During the term of the lease, New Lexington used the Property for office space for its administrative staff, meeting space for employees and the school board, athletic events, storage for public records, technical and athletic equipment, and personal property.

### *Changing Ownership of the Property*

{¶3}   In 2005, Perry-Hocking conveyed the Property to Chad and Evelyn Van Scoy. The Van Scoys executed a note and mortgage on the Property with IF Key Holdings, Inc. The mortgage was assigned to Defendant-Appellee Bayview Loan Servicing, LLC. The Van Scoys sold the Property to Kim Knoppe in 2007. Following the conveyance of the Property to Knoppe, the Van Scoys defaulted on the note and mortgage. Bayview filed a complaint in foreclosure in the Perry County Court of Common Pleas. New Lexington was not named as a defendant in the foreclosure action. In 2008, Knoppe quit claimed the Property back to the Van Scoys. Bayview obtained a judgment

in foreclosure against the Van Scoys on March 11, 2008. On May 26, 2010, the Property was sold at sheriff's sale to Defendant-Appellee IB Property Holdings, LLC. IB Property is an affiliate entity of Bayview. IB Property conveyed its interest in the Property by limited warranty deed to Defendant Muzo Investment Group, LLC and Muzo Properties, Inc. During the real estate transactions, New Lexington remained as the lessee of the Property and continued to utilize the Property.

### *The Property Falls into Disrepair*

{¶4} New Lexington alleged that while IB Property and Bayview were the lessor and property manager of the Property, the Property fell into disrepair because IB Property and Bayview failed to maintain or make any repairs to the Property. New Lexington stated it notified IB Property and Bayview of the maintenance issues, but the parties did not perform the repairs. New Lexington argued it was forced to make the necessary repairs to the Property at its own expense. Some of the repairs to the Property, however, were too expensive for New Lexington to undertake. New Lexington alleged the roof began leaking, which required extensive repair or replacement.

{¶5} IB Property and Bayview alleged that New Lexington was aware the Property was in disrepair as it was the owner of the Property and then the lessee of the Property. As early as 1998, New Lexington was aware the roof was leaking.

{¶6} In 2010 and 2011, the Mid-East Ohio Building Department, the Perry County Health Department, and the City of New Lexington Department of Property Maintenance notified IB Property and Bayview that the leaking Property roof must be repaired due to the growth of mold and mildew inside the Property. In 2011, IB Property

conveyed its interest in the Property to Muzo. Muzo was also notified the conditions on the Property were to be remedied.

{¶7}   On November 1, 2011, the City of New Lexington Department of Property Maintenance condemned the Property. New Lexington was forced to evacuate the Property.

{¶8}   In 2012, New Lexington served a formal request to remedy defective conditions on Muzo. Muzo did not respond. Muzo was later convicted of several misdemeanors in connection with the actions and inactions related to the property.

### *Legal Action*

{¶9}   On December 14, 2012, New Lexington filed a complaint in the Perry County Court of Common Pleas naming IB Property, Bayview, and Muzo as defendants. In the complaint, New Lexington alleged claims for negligence against all defendants, breach of the covenant of quiet enjoyment against Muzo, and breach of the lease and implied warranty of habitability against all defendants.

{¶10} New Lexington moved for default judgment against Muzo, which was granted by the trial court on February 5, 2013.

{¶11} IB Property and Bayview filed a motion to dismiss the complaint on New Lexington. The trial court denied the motion on July 29, 2013. IB Property and Bayview filed their answer to New Lexington's complaint on September 24, 2013. The parties asserted affirmative defenses, two of which stated, "6. Plaintiff is estopped by its own acts or omissions from bringing some or all of the claims in the Complaint. 7. Any alleged harm to Plaintiff was caused by persons or entities other than Defendants and over whom Defendants had no control or right of control."

{¶12} New Lexington filed an amended complaint on April 30, 2014. IB Property and Bayview filed their answer to the amended complaint on May 13, 2014. The amended answer contained the same affirmative defenses as recited above.

{¶13} On July 1, 2014, IB Property and Bayview filed a motion for summary judgment. In their motion for summary judgment, IB Property and Bayview argued the Property fell into disrepair before the defendants' ownership of the Property based on neglect by New Lexington, not from the actions of IB Property or Bayview. IB Property and Bayview argued the Civ.R. 56 evidence demonstrated New Lexington had been aware of the leaking roof since 1998, while it was the owner of the Property. In 2000, a contractor recommended to New Lexington that the roof should be replaced. IB Property and Bayview recited the ownership history of the Property and referred to New Lexington's requests to remediate the Property by the Van Scoys, Knoppe, and Muzo. It argued that New Lexington failed to mitigate the damages to the Property. New Lexington filed a response to the motion for summary judgment on August 13, 2014.

{¶14} IB Property and Bayview filed a motion in limine on October 22, 2014 arguing that New Lexington could not recover costs of a complete rehabilitation of the Property or of a new construction of a similar building. The defendants stated that New Lexington failed to produce any expert testimony or evidence as to the calculation of the purported value of the leasehold interest it lost when the Property was evacuated. IB Property and Bayview argued the request for damages was outside of what a tenant can recover for the breach of a lease. New Lexington responded to the motion in limine on November 17, 2014.

{¶15} The jury trial was originally scheduled for November 2014. On October 29, 2014, the trial court continued the jury trial to January 27, 2015.

{¶16} On November 25, 2014, IB Property and Bayview filed a motion for leave to amend their answer. In their amended answer, the defendants raised the following contested affirmative defenses, "11. Plaintiff's claims are barred by the doctrine of the primary assumption of risk. 12. Plaintiff's claims are barred by the doctrine of contributory negligence." The trial court granted the motion on December 30, 2014 and the amended answer was to be filed by January 6, 2015.

{¶17} New Lexington filed a motion for reconsideration and to strike the December 30, 2014 judgment entry granting the defendants' motion for leave to amend their answer. New Lexington argued IB Property and Bayview failed to serve it with a copy of the motion. IB Property and Bayview filed their amended answer on January 6, 2015. On January 9, 2015, the trial court granted New Lexington's motion for reconsideration and struck the amended answer.

{¶18} On January 9, 2015, the trial court denied the defendants' motion for summary judgment.

{¶19} Also on January 9, 2015, the trial court granted the motion in limine of IB Property and Bayview ordering that New Lexington was prohibited from submitting evidence of the replacement costs of the building and costs of complete rehabilitation of the building.

{¶20} IB Property and Bayview filed a motion for reconsideration of the trial court's January 9, 2015 judgment entry. New Lexington responded to the motion on January 16,

2015. The trial court granted the motion for reconsideration and vacated the January 9, 2015 judgment entry and deemed the amended answer filed as of January 6, 2015.

{¶21} The case proceeded to a jury trial starting January 26, 2015 and ending February 5, 2015. The jury was instructed on the claims of negligence per se, negligence, and breach of contract. The trial court gave the jury instructions for comparative fault, statute of frauds, and the duty to mitigate. The jury was also provided with multiple interrogatories. The jury answered interrogatories as follows:

(1) New Lexington did not prove by a preponderance of the evidence that Bayview entered into or became obligated under the lease agreement. New Lexington proved by a preponderance of the evidence that IB Property became obligated under the lease agreement. New Lexington substantially fulfilled its obligations under the lease agreement. IB Property breached the lease agreement. IB Property's breach of the lease agreement caused damage to New Lexington;

(2) New Lexington proved zero amount of damages on its claim for breach of contract;

(3) IB Property and Bayview did not prove by the preponderance of the evidence that New Lexington failed to mitigate its damages;

(4) New Lexington failed to prove by a preponderance of the evidence that a breach by Bayview caused damage to New Lexington. New Lexington proved by a preponderance of the evidence that a breach by IB Property directly and proximately caused damage to New Lexington.

(5) New Lexington was negligent and assumed the risk of damage when it failed to repair the building when it knew that no other party was going to make the

repairs and when it continued to occupy the building while knowing about its defects;

(6) Perry-Hocking was negligent and caused New Lexington's damages;

(7) the Van Scoys were negligent and caused New Lexington's damages;

(8) Muzo was negligent and caused New Lexington's damages;

(9) Percentage of negligence and assumption of the risk: 43% to New Lexington; 7% to Perry-Hocking; 30% to the Van Scoys; 10% to IB Property; 0% to Bayview; and 10% to Muzo;

(10) $100,000 as the total amount of compensatory damages New Lexington was entitled to without assignment of negligence or assumption of the risk;

(11) Calculation of the reduction in damages based on the percentage of assumption of the risk equaled $10,000; and

(12) New Lexington proved by a preponderance of the evidence that IB Property was negligent but failed to show Bayview was negligent apart from any duty owed under the lease agreement.

{¶22} The jury rendered the following verdict:

(1) Bayview was not liable for breach of contract or negligence;

(2) IB Property was liable for negligence per se to New Lexington and the total amount of damages New Lexington could recover from IB Property on its negligence claim was $10,000.00;

(3) IB Property was liable for breach of contract and New Lexington was entitled to damages in the amount of zero;

(4) IB Property was liable for punitive damages in the amount of $5,000.00; and

(5) New Lexington was entitled to $10,000.00 in compensatory damages from

Muzo.

The trial court journalized the verdict on February 25, 2015.

{¶23} New Lexington filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. IB Property and Bayview responded. New Lexington filed a reply on April 14, 2015. In its reply, New Lexington raised for the first time the issue of Chapter 2744 and political subdivision immunity and comparative negligence. IB Property and Bayview responded to the reply, moving to strike the reply. On April 16, 2015, the trial court overruled the motion for JNOV and new trial.

{¶24} It is from the February 25, 2015 and April 16, 2015 judgment entries that New Lexington now appeals.

### NEW LEXINGTON'S ASSIGNMENTS OF ERROR

{¶25} New Lexington raises three Assignments of Error:

{¶26} "I. THE COURT OF COMMON PLEAS ERRED IN PERMITTING DEFENDANTS-APPELLEES BAYVIEW LOAN SERVICING AND IB PROPERTY HOLDINGS, LLC, TO AMEND THEIR ANSWER FOR THE SECOND TIME, JUST DAYS BEFORE THE SCHEDULED TRIAL OF THE CASE, TO ALLOW DEFENDANTS-APPELLEES TO ASSERT TWO (2) NEW AFFIRMATIVE DEFENSES, NAMELY ASSUMPTION OF THE RISK AND CONTRIBUTORY NEGLIGENCE, WHICH WERE CONTRARY TO LAW AS APPLIED TO PLAINTIFF-APPELLANT, A POLITICAL SUBDIVISION, AS WELL AS NON-PARTY PERRY-HOCKING EDUCATIONAL SERVICE CENTER, WHICH NO LONGER EXISTS AND IS ALSO A POLITICAL SUBDIVISION, WHICH RESULTED IN THE JUDGMENT BEING CONTRARY TO LAW.

{¶27} "II. THE COURT OF COMMON PLEAS ERRED IN ALLOWING THE JURY TO ASSIGN COMPARATIVE FAULT IN ISSUING ITS VERDICT ON PLAINTIFF-APPELLANT'S NEGLIGENCE PER SE CLAIM WHEN DEFENDANTS-APPELLEES FAILED TO RAISE AN AFFIRMATIVE DEFENSE CONSISTENT WITH R.C. 2307.23 AT ANY TIME PRIOR TO TRIAL.

{¶28} "III. THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION IN LIMINE PROHIBITING PLAINTIFF-APPELLANT FROM SUBMITTING EVIDENCE OF THE REPLACEMENT COST OF THE BUILDING OR COSTS OF COMPLETE REHABILITATION OF THE BUILDING IN CONTRAVENTION OF THE PLAIN TERMS OF THE CONTRACT AT ISSUE WHICH PLAINTIFF-APPELLANT CLAIMED WAS BREACHED."

### ANALYSIS

### *I. LEAVE TO AMEND*

{¶29} New Lexington argues the trial court abused its discretion when the trial court permitted IB Property and Bayview to amend their answer to include the affirmative defenses of assumption of the risk and comparative negligence. We disagree.

{¶30} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 121-122, 573 N.E.2d 662, 624 (1991). While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a

showing of bad faith, undue delay, or undue prejudice to the opposing party. *Wemer v. Walker*, 5th Dist. Knox No. 14CA20, 2015-Ohio-1713, ¶ 16.

### *Undue Delay*

{¶31} New Lexington argues the trial court abused its discretion when it allowed IB Property and Bayview to amend their answer effective January 6, 2015. It first contends there was undue delay and New Lexington was prejudiced because the trial court permitted IB Property and Bayview to amend their answer to include affirmative defenses days before the jury trial commenced. In their original answer, IB Property and Bayview raised as affirmative defenses: "6. Plaintiff is estopped by its own acts or omissions from bringing some or all of the claims in the Complaint. 7. Any alleged harm to Plaintiff was caused by persons or entities other than Defendants and over whom Defendants had no control or right of control." On July 1, 2014, IB Property and Bayview filed a motion for summary judgment. In their motion for summary judgment, IB Property and Bayview argued the Property fell into disrepair before the defendants' ownership of the Property based on neglect by New Lexington, not from the actions of IB Property or Bayview. IB Property and Bayview argued the Civ.R. 56 evidence demonstrated New Lexington had been aware of the leaking roof since 1998, while it was the owner of the Property. IB Property and Bayview recited the ownership history of the Property and referred to New Lexington's requests to remediate the Property by the Van Scoys, Knoppe, and Muzo. In 2000, a contractor recommended to New Lexington that the roof should be replaced. It argued that New Lexington failed to mitigate the damages to the Property.

{¶32} The jury trial was originally scheduled for November 2014. On October 29, 2014, the trial court continued the jury trial to January 27, 2015. IB Property and Bayview

filed the motion for leave to amend the answer on November 25, 2014. In the motion, IB Property and Bayview requested to amend their answer to assert the affirmative defenses of assumption of the risk and contributory negligence. The trial court granted the motion on December 30, 2014 and ordered the parties to file their amended answer by January 6, 2015. On December 31, 2014, New Lexington filed a motion to reconsider because it stated it was never served with the motion for leave to amend. It further argued that it was prejudiced because IB Property and Bayview was raising new affirmative defenses at the eve to trial. On January 9, 2015, the trial court granted the motion and vacated the December 30, 2014 judgment entry. IB Property and Bayview filed a motion to reconsider on January 2, 2015, arguing New Lexington was on notice of the proposed affirmative defenses through its original answer, motion for summary judgment, and proposed jury instructions. The trial court vacated the January 9, 2015 judgment entry and permitted IB Property and Bayview to file their amended answer effective January 6, 2015. The jury trial commenced on January 26, 2015.

{¶33} In this case, we find no abuse of discretion for the trial court to allow IB Property and Bayview to amend its answer to expressly assert the affirmative defenses of assumption of the risk and contributory negligence. Pursuant to the liberal pleading requirements of Civ.R. 8, the pleadings of the parties to an action need only be in general terms. A defendant's answer is subject to the same notice-pleadings standards as a plaintiff's complaint, and an affirmative defense is generally adequate as long as the plaintiff receives fair notice of the defense. Civ.R. 8; *Simpkins v. Grace Brethren Church of Delaware*, 2014-Ohio-3465, 16 N.E.3d 687, 704 (5th Dist.), ¶ 54 *appeal allowed in part,* 142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973. The original answer, motion for

summary judgment, and proposed jury instructions put New Lexington on notice that the parties intended to assert assumption of the risk and comparative negligence.

{¶34} In its motion for reconsideration of the December 30, 2014 judgment entry, the focus of New Lexington's argument was that it was prejudiced by the failure to be served with the motion for leave to amend. It requested the trial court to vacate the December 30, 2014 judgment entry "upon the ground that Defendants failed to serve Plaintiff." It summarily stated in one sentence that, "Defendants are now, on the eve of trial, permitted to amend their answers to add affirmative defenses that they have failed to plead for almost two years." (Plaintiff's Motion for Reconsideration and to Strike). In their response to the motion for reconsideration, it was IB Property and Bayview whom raised the issue that the New Lexington was on notice as to the affirmative defenses. New Lexington then responded on January 16, 2015 that it was surprised by the affirmative defenses because IB Property and Bayview had never raised the arguments before.

{¶35} Based on the record before the trial court, we find no abuse of discretion for the trial court to allow IB Property and Bayview to amend their complaint to more specifically state the affirmative defenses of assumption of the risk and comparative negligence.

### Chapter 2744 – Political Subdivision Immunity

{¶36} New Lexington next argues the trial court erred in allowing IB Property and Bayview to amend its answer to include the affirmative defenses of assumption of the risk and comparative negligence. It contends that because New Lexington and Perry-Hocking Educational Service Center are governmental entities, they are therefore entitled to

statutory immunity from negligence causes of action pursuant to Chapter 2744. A review of the record shows that New Lexington raised its sovereign immunity argument for the first time in its reply memorandum to its motion for JNOV after the conclusion of the trial. At no other time in the procedural history of this case did New Lexington raise this issue before the trial court. New Lexington also did not provide this court with a transcript of the jury trial, so we are prevented from reviewing any objections New Lexington may have raised as to the jury instructions for contributory negligence and sovereign immunity. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." In such a situation, we generally must presume the regularity of the proceedings below and affirm. *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶37} We find that by New Lexington's failure to raise this argument to the trial court until its reply to its motion for JNOV and its failure to provide this court with a trial transcript, New Lexington has waived this argument.

{¶38} New Lexington's first Assignment of Error is overruled.

### II. COMPARATIVE NEGLIGENCE

{¶39} New Lexington argues in its second Assignment of Error that the trial court erred when it instructed the jury as to R.C. 2307.23 because IB Property and Bayview should not have been permitted to assert the affirmative defense of comparative negligence. R.C. 2307.23 outlines the requirements for determining the percentage of tortious conduct attributable to a party. The statute instructs:

(A) * * * [A] jury in a jury action shall return a general verdict accompanied by answers to interrogatories, that shall specify all of the following:

(1) The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to the plaintiff and to each party to the tort action from whom the plaintiff seeks recovery in this action;

(2) The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to each person from whom the plaintiff does not seek recovery in this action.

(B) The sum of the percentages of tortious conduct as determined pursuant to division (A) of this section shall equal one hundred per cent.

(C) For purposes of division (A)(2) of this section, it is an affirmative defense for each party to the tort action from whom the plaintiff seeks recovery in this action that a specific percentage of the tortious conduct that proximately caused the injury or loss to person or property or the wrongful death is attributable to one or more persons from whom the plaintiff does not seek recovery in this action. Any party to the tort action from whom the plaintiff seeks recovery in this action may raise an affirmative defense under this division at any time before the trial of the action.

{¶40} We held in New Lexington's first Assignment of Error that IB Property and Bayview properly pled the affirmative defense of contributory negligence. Because IB Property and Bayview asserted the affirmative defense of contributory negligence, the trial court properly instructed the jury as to R.C. 2307.23. Further, because we do not

have a transcript of the trial, we cannot determine whether New Lexington objected at trial to the instruction to preserve the argument on appeal.

{¶41} New Lexington's second Assignment of Error is overruled.

### III. MOTION IN LIMINE

{¶42} New Lexington contends in its third Assignment of Error that the trial court erred when it granted the motion in limine of IB Property and Bayview prohibiting New Lexington from presenting evidence at trial of the replacement cost of the Property or the cost of complete rehabilitation of the Property. In *State v. Pyo,* 5th Dist. Delaware No. 04CAA01009, 2004–Ohio–4768, at ¶ 19, we explained: "In general, the ruling on a motion *in limine* does not preserve the record on appeal and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial." *State v. Moore*, 5th Dist. Coshocton No. 14CA0028, 2016-Ohio-828, ¶ 69 quoting *State v. Grubb,* 28 Ohio St.3d 199, 503 N.E.2d 142 (1986), paragraph two of the syllabus, citing, e.g., *State v. Leslie,* 14 Ohio App.3d 343, 344, 471 N.E.2d 503 (2nd Dist.1984). The proponent of evidence may preserve the error by "draw[ing] the court's attention to possible error" when the issue is actually reached during the trial, typically by proffering or otherwise seeking the introduction of the evidence at trial. *Columbus v. Lamarca*, 10th Dist. Franklin No. 15AP-440, 2015-Ohio-4467, ¶ 29 *citing Gold v. Burnham,* 10th Dist. No. 14AP–603, 2015–Ohio–1431, ¶ 14; *State v. Grubb,* 28 Ohio St.3d 199, 203 (1986).

{¶43} New Lexington has not presented this court with a transcript of the trial. Without the benefit of the transcript, we cannot say if New Lexington attempted to introduce evidence of the replacement cost of the Property or the cost of complete

rehabilitation of the Property in order to preserve the alleged error for appeal. Accordingly, we must presume regularity of the proceedings below and affirm. *Knapp, supra*.

{¶44} New Lexington's third Assignment of Error is overruled.

### CONCLUSION AS TO NEW LEXINGTON'S APPEAL

{¶45} The judgment of the Perry County Court of Common Pleas is affirmed.

### IB PROPERTY AND BAYVIEW CROSS-ASSIGNMENTS OF ERROR

{¶46} IB Property and Bayview raise three Cross-Assignments of Error:

{¶47} "I. THE TRIAL COURT MISAPPLIED OR MISCONSTRUED THE GOVERNING LAW WHEN IT ENTERED JUDGMENT AGAINST IB ON APPELLEE NEW LEXINGTON CITY SCHOOL DISTRICT BOARD OF EDUCATION'S ("NLCS" OR "APPELLEE") BREACH OF CONTRACT CLAIM, BASED ON A WRITTEN LEASE BETWEEN NLCS AND A THIRD PARTY, IN THE ABSENCE OF A WRITING SIGNED BY EITHER CROSS-APPELLANT BAYVIEW LOAN SERVICING, LLC ("BAYVIEW") OR IB PROPERTY HOLDINGS LLC ("IB") ASSUMING OR ADOPTING THE LEASE.

{¶48} "II. THE TRIAL COURT MISAPPLIED OR MISCONSTRUED THE GOVERNING LAW WHEN IT ENTERED JUDGMENT AGAINST IB ON NLCS' NEGLIGENCE CLAIM, WHICH IS ENTIRELY SUBSUMED BY NLCS' BREACH OF CONTRACT CLAIM AND BARRED BY THE ECONOMIC LOSS RULE.

{¶49} "III. THE TRIAL COURT FAILED TO FOLLOW THE GOVERNING LAW WHEN IT AWARDED PUNITIVE DAMAGES AGAINST IB WHILE THE UNDERLYING TORT CLAIM FAILED AS A MATTER OF LAW AND NLCS PRESENTED NO EVIDENCE DURING ANY PHASE OF THE PROCEEDINGS BELOW DEMONSTRATING THAT IB CONSCIOUSLY DISREGARDED AN ACTUAL THREAT TO NLCS' SAFETY."

**NOTICE OF INTENT TO WITHDRAW CONDITIONAL CROSS-APPEAL**

{¶50} On February 3, 2016, IB Property and Bayview filed a notice with this court stating that in the event this court affirmed the judgments of the trial court, IB Property and Bayview would withdraw their conditional cross-appeal.

{¶51} As stated above, we affirm the February 25, 2015 and April 16, 2015 judgment entries of the Perry County Court of Common Pleas. Based on this affirmance, we find that pursuant to the February 3, 2016 Notice, IB Property and Bayview accepts the February 25, 2015 and April 16, 2015 judgment entries and will not seek a review of those judgments from this court. The Conditional Cross-Appeal is DISMISSED.

By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.